## Commonwealth v. Wiemienowicz et ux.

*Daniel J. F. Flood*, Special Deputy Attorney General, for plaintiff.

*Reedy & Coar*, for defendants.

LEACH, P. J., October 30, 1936.—The Attorney General filed a petition to revoke the license of Serafin Wiemienowicz and his wife, alleging that they had been guilty of furnishing liquor to persons visibly intoxicated, had sold liquor between the hours of 2 a.m. and 7 a.m. in violation of the provisions of the act, and had also sold adul-

terated liquor. Thereafter Charles O'Malley, the agent for the landlord's estate, asked leave to intervene in the proceeding for the purpose of having the petition dismissed. 'Objection was made by the Attorney General, and a rule was granted.

Section 410 of the Pennsylvania Liquor Control Act as reënacted on July 18, 1935, P. L. 1246, provides, in part:

"In the event the court shall revoke a license, no license shall be granted for the premises in which the said license was conducted for a period of at least one year after the date of the revocation of the license conducted in the said premises."

Petitioner contends that these provisions of the act are unconstitutional, in that the act takes away a valuable right of a property owner without due process of law. The act provides for notice of revocation proceedings only to the licensee. It will be noted there is no provision of notice to the property owner or the surety on the bond. Petitioner, the owner of the premises, if the court revokes this license and refuses to grant him leave to intervene, will lose a valuable right, to wit, the right to lease the premises for a valuable consideration for any legitimate and lawful purpose including the sale of liquors by a proper licensee.

We hold that the landlord has no right to intervene in a proceeding to revoke a liquor license for misconduct of the lessee, for several reasons: First, it is a question of fact that is before the court, and if the landlord knows any fact he can testify as a witness. If the landlord knows no fact the licensee is the person entitled to conduct his own defense. Second, the time for the landlord to test the constitutionality of the provision that his place cannot again be licensed is when a license is refused on that ground. Third, the landlord can protect himself against forfeiture of a license by providing for indemnity in his lease. Fourth, there is no longer the constitutional right to sell alcoholic beverages:

"But, the State possesses inherently a broad police power which transcends all other powers of government. There is therefore no unqualified right to acquire, possess, and enjoy property if the exercise of the right is inimical to the fundamental precepts underlying the police power. This court said in Commonwealth v. Widovich, 295 Pa. 311: 'The police power is the greatest and most powerful attribute of government; upon it the very existence of the State depends. . . . If the exercise of the police power should be in irreconcilable opposition to a constitutional provision or right, the police power would prevail.' It needs no constitutional reservation or declaration to support it": Commonwealth v. Stofchek, 322 Pa. 513, 519.

Fifth, it has been decided in a number of cases that the surety is not entitled to notice: Commonwealth v. McMenamin et al., 122 Pa. Superior Ct. 91; Commonwealth v. Rubenstein et al., 122 Pa. Superior Ct. 101; Commonwealth v. Kosutic et al., 122 Pa. Superior Ct. 104.

### Order

October 30, 1936, the motion to intervene is denied.