# COMMONWEALTH v. G. W. CROUSHORE.

### APPEAL BY COMMONWEALTH FROM THE COURT OF COMMON PLEAS OF DAUPHIN COUNTY.

Argued June 1, 1891—Decided October 5, 1891.

(*a*) To a bill filed by the commonwealth, ex rel. the attorney general, for an injunction restraining the maintenance of an obstruction upon a public highway, the defendant answered, averring that the erection complained of was not an obstruction, that it had been in existence for eighteen years, and that, upon an indictment for its maintenance as a nuisance, he had been acquitted finally:

1. In such case, though the jurisdiction on a bill filed by the commonwealth at the instance of the attorney general was undoubted, yet, in a hearing on bill and answer, the laches of the commonwealth, coupled with the fact of the defendant's acquittal by the verdict of a jury on the trial at law, was sufficient to justify a chancellor in refusing the injunction prayed for.

Before PAXSON, C. J., STERRETT, GREEN, WILLIAMS, McCOLLUM and MITCHELL, JJ.

No. 1 May Term 1891, Sup. Ct.; court below, No. 121 Equity D., C. P.

On April 10, 1889, a bill in equity was filed by the commonwealth, ex rel. Mr. William S. Kirkpatrick, attorney general, against George W. Croushore, averring:

That a public highway, thirty feet wide, was theretofore duly

laid out and ordered to be opened by the Court of Quarter Sessions of Westmoreland county ; " that the defendant, George W. Croushore, for his exclusive use and convenience, in the conduct of his business as a tanner, has erected and caused to be erected and maintained, over, upon and across said highway or road, at a point near Grapeville station, a certain structure, causeway or bridge, five feet or more in height, leading from his tannery on the south side of said road, to the Pennsylvania railroad on the north side, a distance of thirty feet and upwards, extending across said road at a height of twelve feet or less above the level of the roadway ; and that the said structure, bridge or causeway, is an encroachment upon the said public highway, wholly without authority and in violation of law, and a public nuisance infringing the rights of the commonwealth ; " praying, therefore, that an injunction might issue " to enjoin and restrain the said defendant from further maintaining the encroachment and nuisance aforesaid, and that the said defendant be enjoined and required to abate and remove the same."

To this bill defendant answered, admitting the erection and maintenance of said bridge, but denying that it encroached on said highway, or that it was a public nuisance, or that it in any way infringed the rights of the commonwealth, and setting forth further :

" That defendant is the owner of a large tannery near said Grapeville station ; that the tracks of the Pennsylvania railroad are about thirty feet north of said tannery ; that the public road in question is between the tannery and railroad ; that the bridge is used as a passage way for hauling bark from the cars to the tannery ; and that, owing to the peculiar location of the tannery, highway and railroad, in no other way could the bark be transported with so little inconvenience to the traveling public.

" That the said bridge is no obstruction whatever to the public travel; that it is so constructed as to readily admit of safe and convenient passage of the largest load or vehicle ; that it is an isolated locality and at a considerable distance from any town or village, and the road is not much traveled.

" That the said bridge, or a structure similar thereto, has been in existence at the same point for a period of about eighteen years; that during this long lapse of time, there has been

Opinion of Court below.

no complaint from, nor inconvenience caused to the traveling public, until about two years ago, when complaint was made by one John H. Brown, who is one of the deponents to the said bill of complaint.

"That it has already been judicially determined in a court of law that the bridge, in said bill complained of, is no nuisance ; that the defendant was indicted in the Court of Quarter Sessions of Westmoreland county, at No. 63 of August Term 1888, for erecting and maintaining a nuisance by reason of having caused to be erected the same bridge or causeway ; that after a trial upon said indictment the defendant was acquitted, and the judgment thereon rendered remains unreversed, as the commonwealth has failed to take an appeal or writ of error to the Supreme Court."

The cause having been argued on bill and answer, the court, SIMONTON, P. J., on April 29, 1890, filed the following opinion :

The case was heard on bill and answer, and it was argued that, in this state of the case and on these pleadings, the commonwealth is entitled to a decree, as prayed for in the bill, enjoining the defendant from further maintaining said bridge and requiring him to abate and remove the same.

It is shown in Commonwealth v. Rush, 14 Pa. 186, that it was sometimes held in the earlier cases, many of which are cited, that an injunction would not be granted to restrain a public nuisance until after a trial at law ; but that the law now is, as stated in Georgetown v. Canal Co., 12 Pet. 98, that " courts of equity may take jurisdiction of a case of public nuisance by an information filed by the attorney general ; " and that " the principle appears to be that when the bill is filed by the attorney general, and the right is clear and the threatened injury irreparable, an injunction will be awarded, although the right has not been established at law ; " and that " whilst it is admitted by all that it (the jurisdiction) is confessedly one of delicacy, and, accordingly, the instances of its exercise are rare, yet it may be exercised in those cases in which there is danger of irreparable mischief before the tardiness of the law could reach it. " In Rowe v. Granite Bridge Co., 21 Pick. 344, the court, after stating that the appropriate remedy for a nuisance in a common highway would be an indictment, adds : " It may

be worth while to consider how far the court ought to interfere by way of injunction, in case of a common nuisance. Perhaps, where there is immediate danger to the health or safety of a community, and where it is obviously necessary that a nuisance should be immediately suppressed, as in the case of a powder-house or a slaughter-house in a populous neighborhood, equity might interfere, until the slower process of indictment could be put in motion." In Morris & Essex R. Co. v. Pruden, 20 N. J. Eq. 530, the Court of Errors and Appeals say : " The remedy by indictment being so efficacious, courts of equity entertain jurisdiction over public nuisances with great reluctance, whether their intervention is invoked at the instance of the attorney general, or of a private individual who suffers some injury there-from distinct from that of the public. " And in Attorney General v. Railroad Co., 3 N. J. Eq. 136, the chancellor says : " In cases of public nuisances, there is an undisputed jurisdiction in the common law courts by indictment, and a court of equity ought not to interfere in a case of misdemeanor, where the object sought can be as well obtained in the ordinary tribunals. " And in Attorney General v. Insurance Co., 2 Johns. Ch. 378, it is said, by Chancellor Kent: " If a charge be of a criminal nature, or an offence against the public, and does not touch the enjoy-ment of property, it ought not to be brought into the direct juris-diction of this court, which was intended to deal only in matters of civil right resting in equity, or where the remedy at law was not sufficiently adequate; nor ought the process of injunction to be applied but with the utmost caution."

It thus appears that the question in courts of equity has been whether they would take jurisdiction at all, in cases of alleged public nuisance, or would leave the commonwealth to the remedy by indictment; and that the furthest they have gone, where the right was not established at law, is to exercise the jurisdiction where the right was clear and the danger of irreparable injury imminent. But we are asked, by the commonwealth, in this case, to go much further, and to take jurisdiction and decree the removal of the bridge in question as a public nuisance, in the face of a verdict of not guilty rendered by a jury, on the trial of an indictment against the defendant in this bill, prose-cuted by the commonwealth, the plaintiff here, charging him with maintaining it.

Arguments.

—As to the effect of the defendant's acquittal, on the trial of the indictment for maintaining the nuisance, the court, considering the cases Hutchinson v. Merchants' Bank, 41 Pa. 42; Corbley v. Wilson, 71 Ill. 209 (22 Am. Rep. 98); Petrie v. Nuttall, 11 Exch. 569, concluded:

It is not necessary, however, to decide whether the acquittal on the indictment is an absolute bar. But, in view of the reluctance of courts of equity to interfere in cases of this kind, where it has not been ascertained by a trial at law that the subject of complaint is a nuisance, we must certainly decline to grant an injunction here, where a trial at law has resulted in a verdict of acquittal, which, as it has not been denied that defendant erected and maintained a bridge, can mean nothing else than a finding by the jury, which we must assume to have been preceded by proper instructions from the court, that it is not a nuisance.

We therefore decline to grant the injunction prayed for.

—Thereupon, the commonwealth took this appeal, assigning the order refusing the injunction prayed for, for error.

*Mr. Vin. E. Williams* (with him *Mr. Wm. A. Griffith, Mr. D. S. Atkinson, Mr. John M. Peoples* and *Mr. W. S. Kirkpatrick,* Attorney General), for the appellant.

That the acts complained of constituted a nuisance, counsel cited: Commonwealth v. Marshall, 137 Pa. 170; Wood on Nuisances, §§ 250–260; Commonwealth v. McNaugher, 131 Pa. 55; Hawkins, P. C., §§ 49–50, 58; Bac. Abr., Highways; Commonwealth v. Harris, 10 W. N. 10; Commonwealth v. Moorehead, 118 Pa. 344. As to jurisdiction: § 13, act of June 16, 1836, P. L. 789; supplemented by act of February 14, 1857, P. L. 39; Hagner v. Heyberger, 7 W. & S. 107; Commonwealth v. Rush, 14 Pa. 186; Bunnell's App., 69 Pa. 59; Downing v. McFadden, 18 Pa. 334.

*Mr. W. S. Byers* (with him *Mr. Alexander Eicher* and *Mr. Lucien W. Doty*), for the appellee.

Counsel cited: (1) Woodring v. Forks Tp., 28 Pa. 355; Chambers v. Furry, 1 Y. 167; Lewis v. Jones, 1 Pa. 336; Irwin v. Dixion, 50 U. S. 10; Philadelphia's App., 78 Pa. 33; Gray v. Bynard, 5 Del. Ch. 499; Cox's App., 11 W. N. 571;

Commonwealth v. Harris, 10 W. N. 15; Wier's App., 74 Pa. 230.   (2) White v. Booth, 7 Vt. 234; Shrader v. Arndt, 3 Green 234; Caldwell v. Knott, 10 Yerg. 209; Hart v. Mayor, 8 Paige 213; Reid v. Gifford, 6 Johns. Ch. 19; Biddle v. Ash, 2 Ash. 211; Gardner v. Newburgh, 2 Johns. Ch. 164; Van Bergen v. Van Bergen, 3 Johns. Ch. 286; Bunnell's App., 69 Pa. 62.

PER CURIAM:

This was an appeal from the decree of the court below upon a bill filed by the commonwealth, refusing to restrain the defendant from maintaining a nuisance in the form of an obstruction to a public highway.

There is no doubt of the right of the attorney-general to file such a bill, nor of the jurisdiction of the court to entertain it; but it is equally well settled that, when the facts are disputed, they should first be settled by a trial at law. It is true, where the right is clear, and the injury irreparable, a court will not always await the tardy action of a court of law. In this case it appears the right has been settled at law, and it was settled in favor of the defendant. An indictment had been found against him for maintaining this nuisance, No. 63 August Term 1888, in the Quarter Sessions of Westmoreland county, upon which indictment he was acquitted by the verdict of the jury. It may be, as is suggested in appellant's paper-book, that the fact that the bridge in question had been allowed to remain for nearly twenty years without objection, may have had some weight with the jury. We cannot say they would not be entitled to consider it, and we are quite sure it is a circumstance a chancellor would not wholly overlook, while it is by no means conclusive; but, when we couple this fact with the verdict of a jury in a trial at law in favor of the defendant, we can readily see why the court below refused the injunction.

The decree is affirmed, and the appeal dismissed, at the costs of the appellant.