## Morch, Appellant, v. Raubitschek.

*Warrant of arrest—Appeal to Supreme Court.*
An appeal lies from an order of the court of common pleas discharging from custody a person arrested under a warrant of arrest.

*Warrant of arrest—Jurisdiction—Judge—Act of July 12, 1842.*
Under the act of July 12, 1842, P. L. 339, a person arrested under a warrant of arrest must be brought before the judge who issues the warrant; no other judge has jurisdiction to hear and dispose of the case.

*Warrant of arrest—Criminal proceeding—Former acquittal.*
The proceeding by warrant of arrest is not a criminal proceeding, but is merely collateral to the action for the breach of contract, and in aid of it and dependent on it. Defendant's acquittal of a criminal charge based on the same transaction cannot, in the nature of a plea of former acquittal, be interposed as a bar to the civil proceeding by warrant of arrest.

Argued Jan. 19, 1894. Certiorari, No. 157, Jan. T., 1894, by plaintiff, Jacob Morch, from order of C. P. No. 3, Phila. Co., Sept. T., 1893, No. 150, discharging defendant, Adolph Raubitschek, from custody on warrant of arrest under act of 1842. Before STERRETT, C. J., GREEN, MCCOLLUM, MITCHELL and FELL, JJ.

Assumpsit. Warrant of arrest under act of 1842.
The facts appear by the opinion of the Supreme Court.

*Errors assigned* were (1) discharge of defendant; (2) non-commitment of defendant; (3) to jurisdiction.

*John Marshall Gest, Charles Lex Smyth* with him, for appellant, cited : Gallagher v. Norcross, 7 Phila. 623; Berger v.

Small, 39 Pa. 302; Gosline v. Place, 32 Pa. 520; Black on
Judgments, § 529; Wharton on Evidence, § 777; Rohm v.
Borland, 7 Atl. R. 171; Hutchinson v. Bank, 41 Pa. 42;
Key v. Jetto, 1 Pitts. 117; Fisher v. Hyde, 3 Yeates, 256; Si-
card v. Whale, 11 Johns. 194; Peck v..Hozier, 14 Johns. N. Y.
346; Joice v. Scales, 18 Ga. 725; Moore v. Green, 73 N. C.
394; Anon., 1 Dowling Pr. C. 157; Goodwin v. Lordon, 1 A.
& E. 378; Hubbard v. Wentworth, 3 N. H. 43; Woodbridge
v. Wright, 3 Conn. 523; Acts of July 12, 1842, P. L. 339;
July 8, 1885, P. L. 269; Scully v. Kirkpatrick, 79 Pa. 324;
Hart v. Cooper, 129 Pa. 297; Grieb v. Kuttner, 135 Pa. 281.

No argument offered or brief filed for appellee.

OPINION BY MR. CHIEF JUSTICE STERRETT, Feb. 5, 1894:

This certiorari, directed to two of the judges of Common
Pleas No. 3, Phila. Co., brings before us for review proceed-
ings which were had under the warrant for arrest issued in the
above entitled case by the Honorable JAMES GAY GORDON, one
of said judges, under the act of July 12, 1842, P. L. 339, after
judgment had been entered against the defendant for want of
an affidavit of defence.

The right of a plaintiff, at whose instance such warrant has
been issued, to have the proceedings reviewed here, has been
too often recognized to be doubted: Gosline v. Place, 32 Pa.
520; Berger v. Smull, 39 Pa. 302; Hart v. Cooper, 129 Pa.
297; Grieb v. Kuttner, 135 Pa. 281. In the last cited case,
the question of jurisdiction was so fully considered that it may
be regarded as definitively settled.

There is no question as to the sufficiency of the warrant both
in form and substance. It is grounded on a sufficient complaint
made before Judge GORDON, on oath of the plaintiff, and was
regularly issued by him. It contains a recital of said complaint,
and commands the officer, to whom it is directed, to arrest the
defendant and forthwith bring him before said judge at room E
of the Court of Common Pleas No. 3, etc. He was accordingly
arrested and brought, not before the judge who issued the war-
rant, but before the Honorable THOMAS K. FINLETTER, presi-
dent judge of said court. " And thereupon," as the bill of ex-
ceptions recites, " the said defendant having been sworn testified
as follows : 'I am the defendant in this case. The plaintiff,

Mr. Morch, lives in Brooklyn. I was arrested on a requisition before, and taken before the criminal court in New York, and tried before a jury on the same charges. They tried to prove that I got the goods on memorandum, but when it was shown that I bought the goods, the judge told the jury to discharge me, and the jury acquitted me without leaving the box.' And thereupon the said Honorable Thomas K. Finletter discharged the said defendant from custody."

It is contended that the learned judge erred, not only in discharging the defendant without hearing on the merits and for a wholly insufficient reason, but that he also erred in taking jurisdiction of the proceedings under warrant of arrest issued by another judge. Both of these positions appear to be well taken. There is nothing in the act of 1842 that authorizes such an assumption of jurisdiction; nor could it have been justified by anything that appears in the record. On the contrary, the act·expressly provides that the defendant when arrested shall be brought before the judge who issued the warrant, and that he shall proceed to hear and dispose of the case.

But assuming, for argument's sake merely, that he had jurisdiction, we think there was error in discharging the defendant because he had been tried and acquitted of a criminal offence growing out of same transactions that are set forth in the complaint on which the warrant of arrest in this case was issued. The proceedings are entirely different. The former was a criminal prosecution, while this is a civil proceeding, at the instance of defendant's creditor. Defendant's acquittal of the criminal charge cannot, in the nature of a plea of autre fois acquit, be interposed as a bar to the civil proceedings. As was well said by Mr. Chief Justice Lowrie, in·Gosline v. Place, supra, the proceeding by warrant of arrest is " collateral to the action for a breach of contract, and in aid of it and dependent on it. . . . The proceeding is not at all a criminal one. The fraud is treated as a private injury, giving rise to a corresponding modification of the ordinary private remedy applicable to debts. If the debt be fraudulently contracted, or if it be fraudulently attempted to be evaded, this special remedy may be applied, whether the fraud be committed in or out of the state; just as we allow actions of tort without question of the place where the wrong was done." Other cases, to the same effect, might

be cited, among which are Hutchinson v. Bank of Wheeling, 41 Pa. 42 ; Rohm v. Borland, 7 Atl. R. 171.

It follows from what has been said that the Honorable THOMAS K. FINLETTER had no jurisdiction of the proceedings under the warrant of arrest; and, in so far as said proceedings were had before him, including his order discharging the defendant from custody, the same are reversed and set aside at defendant's costs, and record remitted.