Commonwealth *v.* Rubenstein (et al., Appellant).

Argued March 16, 1936.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, PARKER, JAMES and RHODES, JJ.

*F. Brewster Wickersham* of *Metzger & Wickersham,* for appellant.

*Horace A. Segelbaum,* Special Deputy Attorney General, with him *Charles J. Margiotti,* Attorney General, and *Edward Friedman,* Deputy Attorney General, for appellee.

OPINION BY CUNNINGHAM, J., April 27, 1936:

This is another appeal by a surety upon a restaurant liquor license bond from the refusal of the Court of Common Pleas of Dauphin County to open, as to it, the judgment there entered for the amount of the bond, following the revocation of the license by the Court of Quarter Sessions of Allegheny County.

The bond was executed and delivered and the license issued in April 1934, pursuant to the provisions of our "Pennsylvania Liquor Control Act" of November 29, 1933, P. L. 15, Special Session, (47 PS §744, Cumulative Supplement). Jacob Rubenstein, trading as "Ruby's Place", was the licensee and the premises were located in Allegheny County. In its terms the bond here involved is identical with the obligation considered by us in the preceding case of Com. v. McMenamin and Maryland Casualty Company, 122 Pa. Superior Ct. 91, 184 A. 679.

As authorized in section 410, the Attorney General petitioned the Quarter Sessions of Allegheny County in November, 1934, to revoke Rubenstein's license for violations of the liquor laws—selling on Sunday and having illegal possession of liquor.

"After a full complete hearing on the matters contained in the petition," that court, on December 13, 1934, revoked the license. Shortly thereafter, Rubenstein, having been indicted for the same violations of the liquor laws, was tried and acquitted by a jury on December 20th.

Thereupon he petitioned for a reconsideration of the order of revocation, but the Quarter Sessions of Allegheny County denied his petition. No attempt was made by Rubenstein to have either the order of revocation or the refusal of his petition for reconsideration reviewed by this court. On December 31, 1934, the Commonwealth confessed judgment for $2,000, the amount of the bond, against Rubenstein and his surety in the Court of Common Pleas of Dauphin County. Rubenstein took no action with respect to this judgment, but the appellant surety obtained a rule to open as to it and now appeals from the discharge of that rule.

No question was raised in this case with relation to the regularity of the hearing in the revocation proceedings. The sole ground upon which appellant sought to have the judgment opened is thus set out in its petition: "That by reason of the fact that the defendant, Jacob Rubenstein, was acquitted by the verdict of a jury for the violations of the Pennsylvania Liquor Control Act as aforesaid, there was, therefore, no breach of the condition of the bond entered to the above number and term, and the same should, therefore, be stricken from the record."

This is merely a statement, in slightly different language, of the first question considered by us in Com. v. McMenamin and Maryland Casualty Co., supra. We are not persuaded by the earnest argument of counsel for appellant that the cases cited in their brief are applicable in view of the explicit provisions of our statute. For the reasons stated in detail in that opinion we must resolve this contention in behalf of the present appellant against it.

Every possible question involved under this appeal has been decided adversely to appellant in the contemporaneous opinion in the McMenamin case.

Order affirmed.