## Commonwealth v. Lyons, Appellant.

Argued April 26, 1940.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, RHODES and HIRT, JJ.

*Herman J. Tahl,* for appellant.

*Thomas I. Guerin,* with him *Claude T. Reno,* Attorney General, for appellee.

OPINION BY BALDRIGE, J., October 4, 1940:

On October 31, 1938, the Pennsylvania Liquor Control Board issued a license to Paul Lyons for premises No. 248 N. 9th Street, Philadelphia, for the period from November 1, 1938, to October 31, 1939. On May 1, 1939 Lyons entered a plea of guilty to six bills of indictment charging him with poolselling, bookmaking, conspiracy, and with being a common gambler. He was sentenced June 1, 1939 to serve a term of two months in prison. These offenses were not committed on the licensed premises. The board on August 31, 1939 issued a citation to show cause why appellant's license should not be revoked because of this criminal record. No answer was filed to the citation, but a hearing was had at which Lyons was present.

On October 18, 1939 the board filed its order revoking the appellant's license under the provisions of section 410 of the Pennsylvania Liquor Control Act of June

16, 1937, P. L. 1762, 47 PS §744. The court of quarter sessions dismissed an appeal and affirmed the order of the board. This appeal followed.

The question before us is whether the board was warranted for the reasons stated in making its order.

The Act of June 1937, supra, contains the following provision in section 2 of article 1: " 'Restaurant' shall mean a reputable place, operated by responsible persons of good reputation ......"

Section 403, which deals with the issuance of hotel, restaurant, and club liquor licenses, provides that upon receipt of the application, the payment of proper fees, etc., and "upon being satisfied ...... *that the applicant is a person of good repute,* ...... the board shall ...... grant and issue to the applicant a liquor license ......" (Italics supplied).

Section 410 reads as follows: "Upon learning of any *violation of this act,* or any laws of this Commonwealth relating to liquor, alcohol, or malt or brewed beverages, or of any regulations of the board adopted pursuant to such laws, or any violation of any laws of this Commonwealth or of the United States of America relating to the tax payment of liquor or malt or brewed beverages by any licensee, his officers, servants, agents or employes, *or upon any other sufficient cause shown,* the board may ...... cite such licensee ...... to show cause why such license should not be suspended or revoked ...... if satisfied that any such violation has occurred, *or for other sufficient cause,* the board shall immediately suspend or revoke the license ......" (Italics supplied).

The appellant contends that the indictments were not admissible in evidence and should have been disregarded as they were but proof of specific acts and did not establish a bad reputation, and as there was no other evidence of his reputation offered upon the part of the Commonwealth, the board was without legal au-

thority to revoke the license. Specific acts of misconduct are unquestionably inadmissible in criminal actions to prove a bad general reputation: *Commonwealth v. Jones*, 280 Pa. 368, 124 A. 486; *Commonwealth v. Stewart*, 110 Pa. Superior Ct. 279, 168 A. 528; *Commonwealth v. San Juan et al.*, 129 Pa. Superior Ct. 179, 195 A. 433.

This proceeding instituted to revoke a liquor license is not, however, a criminal action where proof of general reputation is treated as substantive evidence to aid in determining the guilt or innocence of the accused. The main and controlling question in this appeal is whether sufficient cause has been shown to revoke the appellant's license. The conviction of the appellant of criminal offenses with which he was charged and the sentences imposed had a material bearing on that issue. The appellant admitted in the record that he was convicted of the crimes above mentioned and served the sentence imposed by the court. The indictments were, in our judgment, properly admitted in evidence. In any event no harm was done thereby to this appellant in view of his admissions.

The purpose of the Pennsylvania Liquor Control Act is, inter alia, not to give the licensee a vested or irrevocable license, but rather to preserve and protect the public welfare. If the appellant had violated any liquor law, on or off the licensed premises, no doubt would exist as to the board's right to revoke the license, but the act expressly states that that is not the only cause for which the board may take such action. It may do so "upon any other sufficient cause shown." Those words mean something. They cannot be ignored or deleted. Obviously they are placed in the statute for a definite purpose. They signify that the legislature intended to give to the board a certain supervisory power over the conduct of a licensee after a license has been granted. In the granting of a license the good repute

of the applicant is an important factor for consideration but after a license has been granted and the licensee has been convicted of a crime of such a serious character as to carry with it a prison sentence, then the board is acting within its legal authority in concluding that he is not a fit person to hold a license and that sufficient cause has been shown to revoke it.

This court, speaking through President Judge KELLER in *Revocation of Mark's License,* 115 Pa. Superior Ct. 256, 176 A. 254, said: "We think the act gives the court of quarter sessions power to revoke the license upon sufficient cause being shown other than a violation of the laws relating to the sale of liquors; and very wisely does not attempt to catalogue the causes which it deems sufficient, leaving it to the legal discretion of the court to determine, subject to review on certiorari by the appellate courts."

Attention was there directed to *Dolan's Appeal,* 108 Pa. 564, where it was held that the Act of March 22, 1867, P. L. 40, 41, which gave the court of quarter sessions power to revoke a license to sell intoxicating liquors and power to revoke a license upon "sufficient cause shown" was not restricted to a violation of the laws relating to the sale of liquors. See, also, *Trimble's License,* 41 Pa. Superior Ct. 370.

We are of the opinion that where, as here, it is proven that a holder of a liquor license has admittedly violated our criminal laws forbidding bookmaking, gambling, etc., plead guilty thereto and has been imprisoned, sufficient cause has been shown to justify the board in revoking the license. In such circumstances the licensee has no just cause to complain.

Order affirmed at appellant's costs.