Reiter Liquor License Case.

Argued March 9, 1953. Before RHODES, P. J., RENO, ROSS and WRIGHT, JJ. (HIRT, DITHRICH and GUNTHER, JJ., absent).

*Harry Alan Sherman,* for appellants.

*Horace A. Segelbaum,* Deputy Attorney General, with him *Meyer Umansky,* Special Deputy Attorney General and *Robert E. Woodside,* Attorney General, for appellee.

OPINION BY RENO, J., July 14, 1953:

The Pennsylvania Liquor Control Board issued citations to the licensees, Morris and George H. Reiter,

trading as B. & W. Restaurant, in Pittsburgh. Hearings were held before an examiner of the Board, after which the Board found the charges were supported by the evidence and issued orders revoking the license and forfeiting the bond of the licensees. The licensees appealed from the Board's order of revocation to the court below, which affirmed the orders. This appeal by the licensees followed.

Under the Liquor Code of April 12, 1951, P. L. 90, §471, 47 P.S. §4-471, the Board may suspend or revoke a license not only for violations of the liquor laws and regulations of the Board but "upon any other sufficient cause shown". That section also provides that "When a license is revoked, the licensee's bond may be forfeited by the board". Acts of licensees specifically declared unlawful by §§493(1) and 493(14) of the Code, 47 P.S. §4-493, and found by the Board to exist at the B. & W. Restaurant, include sales of liquor, or malt or brewed beverages "to any person visibly intoxicated" and permitting "persons of ill-repute, . . . prostitutes or minors to frequent his licensed premises. . ." The Board also found the following conditions at the licensed restaurant: permitting the solicitation of patrons for immoral purposes; permitting patrons to act in a lewd and indecent manner; permitting patrons to use profane and obscene language; and conducting the licensed premises in a noisy and disorderly manner. These conditions constitute "other sufficient cause" for which a license may be revoked. *Com. v. Lyons,* 142 Pa. Superior Ct. 54, 15 A. 2d 851. Moreover, the Board also found the licensed establishment was maintained in an unsanitary condition in violation of a Board regulation entitled, "Sanitary and Lighting Conditions; Cleaning of Coils".

The court below heard the matter de novo and concluded "after careful hearing and consideration of all

of the testimony de novo, the competent evidence compels a finding of the violations" recited above. Appellants contend that there was no sufficient competent evidence to support an order of revocation of the license and forfeiture of the license bond. There is no basis for this contention.

Twelve enforcement officers of the Liquor Control Board testified that during the period April 26, 1951 to May 14, 1952 they had made repeated visits to the licensed restaurant. They described in detail the premises, and the actions and conduct of the patrons, the licensees, and their employes. They testified that on innumerable occasions alcoholic beverages were sold to visibly intoxicated persons by the licensees, their servants, agents and employes. Such sales alone are sufficient cause for the revocation of a license and forfeiture of a license bond. Furthermore, the enforcement officers were competent witnesses to prove the sales. *Turner v. Pennsylvania Liquor Control Board*, 161 Pa. Superior Ct. 16, 53 A. 2d 849.

It would serve no useful purpose to relate in detail all of the testimony. Suffice it to say that a careful examination of this record discloses that women of loose character frequented the premises and solicited patrons for the purposes of prostitution; that patrons were permitted to act in a lewd and indecent manner; and to use profane and obscene language; that the premises were conducted in a noisy and disorderly manner and maintained in an unsanitary condition; that minors were permitted to frequent the premises. The testimony of the Board's enforcement officers, complete and detailed, clearly established repeated flagrant violations of the liquor laws and the Board's regulations. There is therefore sufficient competent credible evidence to support the order of license revocation and forfeiture of the licensees' bond.

There is no merit to appellants' second contention that the court below erred in refusing to strike out the testimony of several of the enforcement officers on the ground that no proper foundation had been laid for the use of notes referred to by them to refresh their recollection while testifying. The notes were prepared by the officers shortly after each of their numerous visits to the licensed establishment and were used to refresh their recollection *of the details* of the many violations observed by them on these visits extending over a period of one year. The court below concluded that: "The notes properly refreshed the recollection of the agents, if indeed that recollection needed very much assistance or refreshment from the notes".

A witness may use a book or memorandum for the purpose of refreshing his memory even though the writing itself may not be competent evidence. *Com. v. Noel,* 168 Pa. Superior Ct. 42, 76 A. 2d 236; *Panik v. Didra,* 370 Pa. 488, 88 A. 2d 730. See 125 ALR p. 19. Cf. 3 Wigmore, Evidence (3rd Ed.) §758, et seq. When a memorandum is used to refresh the memory of a witness, the recollection of the witness, not the memorandum used to refresh it, is real evidence where the witness has present recollection of past events. *Com. v. Perri,* 97 Pa. Superior Ct. 78; *Com. v. Klein,* 42 Pa. Superior Ct. 66; *Nestor v. George,* 354 Pa. 19, 46 A. 2d 469.

Appellants' contention that a motion to strike the evidence of one of the enforcement officers, relating to solicitation for immoral purposes should have been sustained because it was procured by entrapment, is rejected. The officer had reason to believe the licensees were permitting women to solicit male patrons for the purpose of prostitution. It was not entrapment for the officer in good faith to attempt to secure evidence of such violations of the liquor laws by furnishing an

opportunity to commit the offense. Though a citation proceeding is not, strictly speaking, a criminal proceeding, the statement of Mr. Justice HUGHES in *Sorrells v. U. S.*, 287 U. S. 435, 441, 53 S. Ct. 210, 212, quoted in our recent case of *Com. v. Kutler*, 173 Pa. Superior Ct. 153, 96 A. 2d 160, is none the less applicable. "It is well settled that the fact that officers or employees of the Government merely afford opportunities or facilities for the commission of the offense does not defeat the prosecution. Artifice and stratagem may be employed to catch those engaged in criminal enterprises."

Appellants further contend that the testimony of their employes, police officers, and other witnesses should not have been disregarded by the court below. Where, as here, there is competent evidence to support the order, it is not our province to weigh the evidence and determine the facts. *Martin's Grill, Inc. Liquor License Case*, 149 Pa. Superior Ct. 185, 27 A. 2d 293.

Appellants' final contention may be disposed of summarily. A number of photostats of newspaper articles regarding the police officers who testified in behalf of licensees are attached to the brief for appellants, purporting to support a most serious charge that counsel for the Board and others, made an attempt after the close of testimony to influence the decision of the court below by a much publicized attack upon the police officers, who were subpoenaed by the licensees, and upon the licensed restaurant. There is nothing in the record concerning this charge and it was not presented to the court below. Nothing concerning these newspaper articles appearing in the record, and apparently not having been before the court below, it cannot be considered by this court on appeal. In *Heller v. Capital Bank and Trust Company*, 330 Pa. 174, 180, 198 A. 298, it was said: "Counsel for the ap-

558

pellant in his typewritten brief enumerates seven allegedly important documents which he admits were not a part of the official record but which he says are in their possession. These documents do not impress us as being of great importance, but, in any event, appellate courts cannot consider, as members of the bar presumably well know, anything which is not a part of the record of a case."

The court below having found the facts as determined by the Board there was no necessity for the court to make specific findings. *Hirsh Liquor License Case,* 164 Pa. Superior Ct. 284, 64 A. 2d 504. The Board's findings being unchanged the penalty imposed by the Board must stand. *Andracchio Liquor License Case,* 160 Pa. Superior Ct. 74, 49 A. 2d 843. Although there apparently had been no previous offenses, under the circumstances in this case revocation of the license and forfeiture of the license bond were fully justified. *Ajax Club Liquor License Case,* 153 Pa. Superior Ct. 473, 34 A. 2d 326.

Order affirmed at appellants' costs.