# Las Vegas Supper Club, Inc. Liquor License Case.

Submitted November 16, 1967. Before ERVIN, P. J., WRIGHT, WATKINS, MONTGOMERY, JACOBS, HOFFMAN, and SPAULDING, JJ.

*Sanford A. Middleman,* for appellant.

*Charles M. Marshall,* Special Assistant Attorney General, *Thomas J. Shannon,* Assistant Attorney General, and *William C. Sennett,* Attorney General, for Pennsylvania Liquor Control Board, appellee.

OPINION BY WRIGHT, J., December 14, 1967:

On April 5, 1967, after hearing on Citation No. 2327 for 1966, the Pennsylvania Liquor Control Board entered an order suspending for a period of fifty days the license issued to Las Vegas Supper Club, Inc., 2800-10 Saw Mill Run Boulevard, Whitehall, Pittsburgh. This order was based upon the following finding of fact: "The licensee, by its servants, agents or employes sold, furnished and/or gave or permitted such sale, furnishing and/or giving of liquor and/or malt or brewed beverages to minors, on October 7, 1966". The licensee appealed to the County Court of Allegheny County which entered an order, June 12, 1967, sustaining the suspension. The licensee has appealed to this court.

The history of the licensed premises includes two prior suspensions. The suspension presently under

consideration is based on the testimony of Robert Mc-Elhone, aged 18, that he purchased a case of beer in the licensed premises on October 7, 1966. The first two contentions in appellant's brief are stated as follows: "1. Should a suspension of fifty (50) days invoked upon a Licensee by the Pennsylvania Liquor Control Board, for the sale of intoxicants to a minor be upheld when solely based on the indefinite, vague and contradictory testimony of the minor involved? 2. Does a County Court Judge abuse his discretion by failing to take notice of obvious contradictions and uncertainties in the testimony of the only probative witness, and by failing to draw proper inferences from the failure of the Commonwealth of Pennsylvania to produce the other two (2) probative witnesses to the alleged Liquor Code violation?". The question of McElhone's credibility, as well as the sufficiency of his testimony, were matters for the hearing judge to determine. Suffice it to say that we have full confidence in the ability and good judgment of Judge Joseph H. Ridge, Jr., of the court below.

Appellant's third and final contention is stated in the brief as follows: "3. Does not the sustaining of demurrer in a criminal proceeding [No. 144 January Sessions 1967] arising out of the same alleged Liquor Code violation, and based upon the same testimony, bind the Civil Court in its review of the Pennsylvania Liquor Control Board's administrative determination?" The answer to this contention appears in *Commonwealth v. McMenamin*, 122 Pa. Superior Ct. 91, 184 A. 679, which stands for the proposition that the acquittal of a person under an indictment charging him with violation of the liquor laws does not operate as a bar against subsequent proceedings to revoke his license upon charges identical with those contained in the indictment. In the words of Mr. Justice Eagen in the recent case of *Greenberg v. Aetna Insurance Company*

427 Pa. 494, 235 A. 2d 582: "Where an individual is charged with and tried for a crime, before he may be convicted the Commonwealth must establish his guilt beyond a reasonable doubt. In civil cases, however, the extreme caution and the unusual degree of persuasion required in criminal cases do not obtain. Even though the result may impute a crime, the verdict should follow the preponderance of the evidence".

The order of the court below is affirmed.