In the Matter of: Quaker City Development Co., Inc., Penrose Avenue and Penrose Ferry Road, Philadelphia, Pennsylvania 19145. Quaker City Development Co., Inc., Appellant.

Submitted on briefs, October 4, 1976, to President Judge BOWMAN and Judges CRUMLISH, JR., and WILKINSON, JR., sitting as a panel of three.

14

*Michael D. Fioretti*, with him *Peruto, Ryan & Vitullo*, for appellant.

*J. Leonard Langan*, Assistant Attorney General, with him *Harry Bowytz*, Chief Counsel, and *Robert P. Kane*, Attorney General, for appellee.

OPINION BY JUDGE WILKINSON, October 25, 1976:

Appellant-corporation owns and operates a motor inn in Philadelphia for which it holds a hotel liquor license. Appellant leased its banquet facilities to the Optimist Club of South Philadelphia, a charitable organization, for March 8 and 9, 1975. The Optimist Club used the facilities to conduct a casino night at which gambling took place and liquor was served. Because appellant's liquor license was under suspension, it did not sell or provide liquor and/or malt or brewed beverages to the persons attending rather, the Optimist Club served all the liquor for the evenings in question.

On April 15, 1975, the Pennsylvania Liquor Control Board (Board) issued a citation against the appellant. After a hearing, the Board found:

"1. The licensee permitted other persons to provide and sell liquor and/or malt or brewed beverages on its licensed premises, on March 8, 9, 1975.

"2. The licensee, by its servants, agents or employes permitted gambling on the licensed premises, on March 8, 9, 1975."

After considering prior citations and penalties, the Board revoked the appellant's license. The revocation was affirmed by the Court of Common Pleas of Philadelphia County and this appeal followed.

A review of the record indicates that the findings of the Board are supported by competent evidence. Indeed, either finding of fact constitutes "sufficient cause" under Section 471 of the Liquor Code, Act of April 12, 1951, P.L. 90, *as amended,* 47 P.S. §4-471, to justify revocation of appellant's license. Violations of the criminal laws of the Commonwealth are grounds for revocation, *I.B.P.O.E. Liquor License Case,* 163 Pa. Superior Ct. 395, 62 A.2d 68 (1948), and permitting gambling on the premises is a violation of Section 5513 of the Crimes Code, Act of December 6, 1972, P.L. 1482, *as amended,* 18 Pa. C.S. §101 et seq. Neither the charitable purposes to which the proceeds are put nor the failure of the local district attorney to prosecute such cases makes the gambling any less of a violation. Permitting liquor to be served by others on the premises during the period of the suspension independently justifies license revocation. "Sufficient cause" is not limited to violations of law. *Petty Liquor License Case,* 216 Pa. Superior Ct. 55, 258 A.2d 874 (1969).

Appellant urges that the "upon any other sufficient cause shown" provision of Section 471 of the Liquor Code, upon which the revocation is based, is unconstitutionally vague, indefinite and overbroad. This contention must fail as it did in *Appeal of Minnie Ballen,* 20 Chest. 235 (1972). The argument ignores

the fact that the Liquor Code is not penal in nature. Chief Justice Jones ruled in *Tahiti Bar, Inc. Liquor License Case,* 395 Pa. 355, 360, 150 A.2d 112, 118 (1959):

"Nor, as appellants intimate, are we confronted with a criminal statute requiring strictness of interpretation as to vagueness and indefiniteness under the *due process* clause of the Fourteenth Amendment, itself. A proceeding to suspend or revoke a license under the liquor laws has always been considered civil and administrative in nature." (Emphasis in original.)

The Liquor Code is remedial civil legislation. "This act shall be deemed an exercise of the police power of the Commonwealth for the protection of the public welfare, health, peace and morals [and] . . . shall be liberally construed for the accomplishment of this purpose." Section 104 of the Liquor Code, 47 P.S. §1-104. It is almost impossible to anticipate all the actions that may justify revocation of a license. *Weinstein Liquor License Case,* 159 Pa. Superior Ct. 437, 48 A.2d 1 (1946). Therefore, to accomplish the remedial purposes of the Act a "catch-all" provision is needed. The "other suffficient cause" provision is proper for this purpose.

Therefore, the order of the Court of Common Pleas of Philadelphia County, dated December 10, 1975, must be affirmed.

## Order

Now, October 25, 1976, the order of the Court of Common Pleas of Philadelphia County, dated December 10, 1975, in the above matter, affirming the Pennsylvania Liquor Control Board's order of September 18, 1975, revoking Hotel Liquor License No. H-4868, is affirmed.