In the Matter of Revocation of Restaurant Liquor License No. R-9113, Issued to Marge & Jack, Inc.
Marge & Jack, Inc., Appellant.

Argued October 7, 1977, before Judges Rogers and Blatt, sitting as a panel of two.

*Edward Reif*, with him *McAllister and Reif*, for appellant.

*J. Leonard Langan*, Assistant Attorney General, with him *Harry Bowytz*, Chief Counsel, and *Robert P. Kane*, Attorney General, for appellee.

Opinion by Judge Rogers, November 16, 1977:

The Pennsylvania Liquor Control Board cited the appellant, Marge & Jack, Inc., to show cause why its restaurant liquor license should not be revoked and its bond forfeited for permitting gambling on the licensed premises.[1] After hearing, the Board found that

---

[1] *See In the Matter of: Quaker City Development Co., Inc.,* 27 Pa. Commonwealth Ct. 13, 365 A.2d 683 (1976) where the case and statutory authorities for the Board's power to discipline licensees for this activity are cited and explained.

the licensee by its servants, agents or employees was "concerned in the managing, conducting or carrying on of a lottery on the licensed premises on April 22, 23, 1975." It fined Marge & Jack, Inc. the amount of $250. Marge & Jack, Inc. appealed the Board's order to the Court of Common Pleas of Philadelphia County which, after a de novo hearing, affirmed the Board.

The only issue raised by Marge & Jack, Inc. in the court below and in this appeal is that of whether it was a licensee at the times of the commission of the offense of permitting gambling on its licensed premises.

At the hearing in the court below, a Philadelphia police officer testified that on April 22, 1975 and April 23, 1975 he saw Marge Douglass, who is president of Marge & Jack, Inc., and a man named Jack bartending at a tavern at 2200 Coral Street, Philadelphia. He also testified that he saw Marge Douglass sell numbers bets to others and that she sold bets to him on both days.

At the court hearing, counsel for Marge & Jack, Inc. agreed that "there is indication that the Liquor Control Board approved a transfer of the license for the premises" where the events described by the police officer happened; he contends, however, that because the license was not actually issued until April 30, 1975, the offenses were committed before Marge & Jack, Inc. was a licensee subject to the Board's power.

The Liquor Control Board produced at the hearing below a copy of a letter dated April 22, 1975 sent by the Board to Marge & Jack, Inc. and admitted by Marge Douglass to have been received about a week before April 30, 1975. This letter, we are told, is sent to all approved applicants for transfer and is popularly known as a "15 day letter." It informed Marge & Jack, Inc. (1) that its application for transfer "has been approved" subject to surrender of the

transferor's wholesale purchase card and the filing of an affidavit with respect to liquor being "sold to you" by the transferor, and (2) that "this letter constitutes your authority to dispense liquor . . . in your establishment and to purchase liquor at a discount at a Pennsylvania Liquor Store until and including May 6, 1975."

The unavoidable inference to be drawn from Marge & Jack's presence and bartending activities at the licensed premises is that they were exercising the privilege of a licensee granted by the Board's April 22, 1975 letter to their corporation. By so acting, they caused their licensed corporation to become subject to the Board's power to discipline licensees whose agents commit criminal offenses on the premises.

Affirmed.

### ORDER

AND Now, this 16th day of November, 1977, the order of the Court of Common Pleas of Philadelphia County made August 7, 1976 is affirmed.