390 A.2d 163

**In the Matter of Revocation of Restaurant Liquor License No. R–15524, Issued to V. J. R. BAR CORPORATION, Appellant,**

v.

**COMMONWEALTH of Pennsylvania, Pennsylvania LIQUOR CONTROL BOARD.**

Supreme Court of Pennsylvania.

Argued Nov. 17, 1977.

Decided June 2, 1978.

Reargument Denied July 6, 1978.

Abraham J. Levinson, Philadelphia, for appellant.

Pennsylvania Liquor Control Bd., Harry Bowytz, Chief Counsel, Asst. Atty. Gen., J. Leonard Langan, Asst. Atty. Gen., for appellee.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, POMEROY, NIX, MANDERINO and PACKEL, JJ.

## OPINION OF THE COURT

ROBERTS, Justice.

Appellant, V.J.R. Bar Corporation, holds a liquor license issued by appellee, Pennsylvania Liquor Control Board. On March 22, 1973, the manager and two other employees of appellant were charged with participating in gambling on the licensed premises. The Municipal Court dismissed these charges. On November 27, 1973, the Board issued a citation against appellant and, after a hearing, imposed a fine of $350.00 because it found that appellant "by its servants, agents or employees permitted gambling on the licensed

premises, on March 22, 1973." The court of common pleas reversed the order of the Board but the Commonwealth Court reversed the order of the court of common pleas and reinstated the order of the Board. We granted appellant's petition for allowance of appeal to decide whether the Board may impose sanctions upon a liquor licensee when it finds that gambling occurred on the premises, even though criminal charges based on the same activity have been dismissed.[*]

The Liquor Code, Act of April 12, 1951, P.L. 90, § 471, as amended, 47 P.S. § 4-471 (Supp.1977) authorizes disciplinary action by the Board for any violation of the laws of the Commonwealth relating to liquor or for "any other sufficient cause shown." In accordance with the clear language of the statute, it has been held that "sufficient cause" is not limited to violations of law. *In re Quaker City Development Company*, 27 Pa.Cmwlth. 13, 365 A.2d 683 (1976); *Petty Liquor License Case*, 216 Pa.Super. 55, 258 A.2d 874 (1969).

"If the appellant had violated any liquor law, on or off the premises, no doubt would exist as to the board's right to revoke the license, but the act expressly states that that is not the only cause for which the board may take such action. It may do so 'upon any other sufficient cause shown.' Those words mean something. They cannot be ignored or deleted. Obviously they are placed in the statute for a definite purpose. They signify that the legislature intended to give to the board a certain supervisory power over the conduct of a licensee after a license has been granted."

*Commonwealth v. Lyons*, 142 Pa.Super. 54, 57, 15 A.2d 851, 852 (1940). Any other conclusion would thwart the command of the Legislature that all the provisions of the Act "shall be liberally construed" for the "protection of the public welfare, health, peace and morals of the people of the Commonwealth," and to "prohibit forever the open saloon." 47 P.S. § 1-104(a); accord, *Tahiti Bar, Inc. Liquor License*

---

[*] We hear this appeal pursuant to the Appellate Court Jurisdiction Act, Act of July 31, 1970, P.L. 673, art. II, § 204(a), 17 P.S. § 211.204(a) (Supp.1977). The appeal was argued on November 17, 1977 and reassigned to this writer on April 26, 1978.

*Case,* 395 Pa. 355, 150 A.2d 112 (1959); *Petty Liquor License Case,* supra; *J–J Bar, Inc. Liquor License Case,* 210 Pa.Super. 346, 234 A.2d 7 (1967).

We stated in *Tahiti Bar,*

"There is perhaps no other area of permissible state action within which the exercise of the police power of a state is more plenary than in the regulation and control of the use and sale of alcoholic beverages. . . . [A] state may adopt such measures as are reasonably appropriate or needful to render the exercise of that power effective."

Id. at 360, 150 A.2d at 115. The "other sufficient cause" provision serves this purpose because it "is almost impossible to anticipate all the actions that may justify" enforcement. *In re Quaker City Development Company,* supra at 16, 365 A.2d at 684.

Based on the plain meaning of the statute, courts have upheld the Board's imposition of penalties for a variety of conduct not expressly prohibited by the Liquor Code but reasonably related to the sale and use of alcoholic beverages on licensed premises. See *Tahiti Bar, Inc. Liquor License Case,* supra (prohibiting association in licensed establishments between entertainers and patrons); *Golden Bar, Inc. v. Liquor License Case No. 1,* 193 Pa.Super. 400, 165 A.2d 285 (1960) (same); *In re Ciro's Lounge, Inc.,* 24 Pa.Cmwlth. 589, 358 A.2d 141 (1976) (noisy and disorderly conduct); *Sobel Liquor License Case,* 211 Pa.Super. 129, 235 A.2d 622 (1967) (sale of drugs on premises); *Dubin Liquor License Case,* 210 Pa.Super. 346, 234 A.2d 7 (1967) (same); *Reiter Liquor License Case,* 173 Pa.Super. 552, 98 A.2d 465 (1953) (presence of prostitutes, lewd acts, obscene language and noisy and disorderly conditions on premises). Likewise, it has long been held that the Board can impose sanctions for gambling on licensed premises. See *Matter of Marge & Jack, Inc.,* 32 Pa.Cmwlth. 398, 379 A.2d 900 (1977); *In re Quaker City Development Company,* supra; *Loyal Order of Moose, St. Marys Lodge No. 146, Liquor License Case,* 210 Pa.Super. 464, 234 A.2d 25 (1967); *Bayer Liquor License Case,* 200 Pa.Super. 210, 188 A.2d 819 (1963); *Commonwealth v. Lyons,* supra.

That one has not been convicted of criminal charges for certain conduct does not act as a bar to civil action based on the same conduct. Pennsylvania has recognized this principle, see *Hutchinson v. Merchants' and Mechanics' Bank of Wheeling*, 41 Pa. 42 (1861) (theft); *Commonwealth v. Croushore*, 145 Pa. 157, 22 A. 807 (1891) (injunction for nuisance); *Morch v. Raubitschek*, 159 Pa. 559, 28 A. 369 (1894) (action in assumpsit); *Wilson v. Wilson*, 100 Pa.Super. 451 (1930) (divorce) and applied it to civil enforcement proceedings undertaken by administrative authorities, see *Commonwealth v. Funk*, 323 Pa. 390, 186 A. 65 (1936) (revocation of driver's license authorized under Motor Vehicle Code despite licensee's acquittal of criminal charges for underlying conduct); *Commonwealth v. Abraham*, 7 Pa.Cmwlth. 535, 300 A.2d 831 (1973) (same). The reason for this rule is that the administrative action is civil, not criminal, in nature, *Tahiti Bar, Inc. Liquor License Case*, supra; *Commonwealth v. Funk*, supra; *Bayer Liquor License Case*, supra, designed only for the protection of the public interest through exercise of the police power, e. g., *Tahiti Bar, Inc. Liquor License Case*, supra, in which the burden of proof is not proof beyond a reasonable doubt, as in criminal prosecutions, but only proof by a preponderance of the evidence. *Commonwealth v. Funk*, supra; *Petty Liquor License Case*, supra; *Summitt Hill Road and Gun Club Liquor Case*, 184 Pa.Super. 584, 135 A.2d 781 (1957).

Thus, the Liquor Control Board may impose sanctions against license holders where the underlying conduct does not produce any criminal charges, *Matter of Marge & Jack, Inc.*, supra; *In re Quaker City Development Company*, supra, or where criminal charges based on the same conduct have not resulted in conviction. *Commonwealth v. McMenamin*, 122 Pa.Super. 91, 184 A. 679 (1936); *Commonwealth v. Rubinstein*, 122 Pa.Super. 101, 184 A. 687 (1936); *Las Vegas Supper Club, Inc. Liquor License Case*, 211 Pa.Super. 385, 237 A.2d 252 (1967); *Greenspan Liquor License Case*, 213 Pa.Super. 29, 246 A.2d 433 (1968) (gambling) (dictum), vacated on other grounds, 438 Pa. 129, 264 A.2d 690 (1970). Appellant argues that these sanctions amount to exercise by

the Board of the judicial function of adjudicating criminal charges. To the contrary, the Board has not made any finding of criminal guilt or attempted to impose punishment under the Crimes Code, 18 Pa. C.S.A. §§ 101 et seq. (1972). Rather, pursuant to statute, it has imposed a civil sanction for conduct reasonably related to its sphere of authority. We therefore hold that the Board may fine appellant for gambling occurring on the licensed premises even though criminal charges based on the same conduct have been dismissed by the Municipal Court.

Order affirmed.

MANDERINO, J., filed a dissenting opinion in which POMEROY, J., joined.

PACKEL, J., did not participate in the decision of this case.

MANDERINO, Justice, dissenting.

Under the guise of liberally construing the Liquor Code and protecting the "public welfare, health, peace and morals" of the citizens of this Commonwealth, the majority has empowered the Liquor Control Board to independently impose punishment for the presumed commission of crimes not even related to the sale or consumption of alcohol. I must dissent.

The majority correctly states that the Board is authorized by the Liquor Code to impose sanctions for violations of laws relating to liquor or "any other sufficient cause," 47 P.S. § 4–471 (Supp.1977–78), and that the additional phrase "any other sufficient cause" indicates that the Board's disciplinary powers are not limited to direct violations of the liquor laws. This does not mean, however, that the Board has unbridled discretion to discipline licensees whenever, in the Board's view, criminal activity took place on a licensee's premises. The majority today gives the Board such discretion by interpreting the "other sufficient cause" provision to include a charge of gambling on the premises, even though criminal charges against the licensee were dismissed by a judicial tribunal.

In citing a dazzling array of precedents to support this novel and dangerous rule of law, the majority overlooks *Pittaulis Liquor License Case*, 444 Pa. 243, 282 A.2d 388 (1971), where we held the Board without power to refuse a license transfer solely on the basis that the potential licensee's deed had a restriction prohibiting the sale of liquor on the premises. At that time we said:

> "The Liquor Control Board was designed and established to regulate the sale of liquor throughout the Commonwealth, not to adjudicate collateral issues involving rights and interest in real property. Indeed, the members of the Board are not even necessarily trained in the law." *Id.,* 444 Pa. at 249, 282 A.2d at 390.

And yet, the majority is now willing to allow this same Liquor Control Board, composed of individuals untrained in the law, to impose sanctions for criminal charges not related to the consumption of alcohol, charges which, for reasons unknown to the majority, a court of law chose not to pursue.

The majority cites various cases for the proposition that we have previously upheld the Board's imposition of penalties for conduct not expressly prohibited by the Liquor Code. However, only *Tahiti Bar, Inc. Liquor License Case*, 395 Pa. 355, 150 A.2d 112 (1959), was decided by this Court, and contrary to the majority's assertion, *Tahiti Bar* involved sanctions imposed by the Board for the violation of section 493(10) of the Liquor Code (prohibiting lewd, immoral or improper entertainment on licensed premises) and for violation of the Board's Regulation 110 (prohibiting association between licensee's entertainers and patrons). *See also Golden Bar, Inc. v. Liquor License Case No. 1,* 193 Pa.Super. 400, 165 A.2d 285 (1960). Similarly, the Board's sanctions were upheld in *In re Ciro's Lounge, Inc.,* 24 Pa.Cmwlth. 589, 358 A.2d 141 (1976) (noisy and disorderly conduct), *Petty Liquor License Case,* 216 Pa.Super. 55, 258 A.2d 874 (1969) (same), and *Reiter Liquor License Case,* 173 Pa.Super. 552, 98 A.2d 465 (1953) (same, plus presence of prostitutes) but these involved violations of other sections of the Liquor Code, *i. e.,* § 4–493(1) (sale to visibly intoxicated persons) and § 4–

493(14) (permitting criminals or prostitutes to frequent premises). Furthermore, sanctions for such things as conducting a licensed premises in a noisy and disorderly manner is directly connected with the sale and consumption of liquor; it was the serving of alcohol to visibly intoxicated patrons which made the establishment noisy and disorderly.

The Liquor Control Board may, of course, impose sanctions for the commission of crimes which do not involve liquor when the licensee has pleaded guilty or been convicted of a collateral crime. *Bayer Liquor License Case,* 200 Pa.Super. 210, 188 A.2d 819 (1963); *Commonwealth v. Lyons,* 142 Pa.Super. 54, 15 A.2d 851 (1940). It is quite another matter, however, when a judicial proceeding instituted against a licensee ended in acquittal or dismissal of the charges.

The Board should not be permitted to punish citizens unconvicted of criminal charges, such as gambling on the premises, in order to protect the public interest in punishing such conduct; until today, it has been thought that that interest is amply protected by judicial criminal proceedings for violation of the state's gambling laws. A citizen's property may not be placed in jeopardy twice.

I would reverse the order of the Commonwealth Court and reinstate the order of the Common Pleas Court vacating the fine.

POMEROY, J., joins in this dissenting opinion.