468 A.2d 1125

**COMMONWEALTH of Pennsylvania**

v.

**1978 TOYOTA.**

**Appeal of Oliver T. BELL, Jr.**

Superior Court of Pennsylvania.

Submitted March 8, 1983.

Filed Dec. 16, 1983.

Peter J. Mangan, York, for appellant.

Floyd Paul Jones, Assistant District Attorney, York, for Commonwealth, appellee.

Before CERCONE, President Judge, and WICKERSHAM and MONTEMURO, JJ.

WICKERSHAM, Judge:

In this case Oliver T. Bell, Jr., appeals from an order of the York County Court of Common Pleas directing that Bell's car be forfeited to the Commonwealth. The Commonwealth filed a petition for forfeiture; Bell answered the petition and filed a motion for summary judgment. A hearing was held before the Honorable James E. Buckingham, who denied Bell's motion for summary judgment. After hearing testimony about the events which provided the grounds for the Commonwealth's forfeiture petition Judge Buckingham granted the petition. This appeal timely followed.

At the hearing a state trooper testified that on March 17, 1980, he was working with an informant at a roadside rest in York County. The trooper stated that when Bell drove up in his car, a 1978 Toyota, the informant got in. After the trooper got a signal that the drug buy had been consummated he arrested Bell. The trooper advised Bell of his constitutional rights and noticed that Bell had difficulty speaking. Upon investigation, the trooper discovered that Bell's speech impediment was caused by his having a plastic bag containing white powder in his mouth; a field test revealed that the white powder was cocaine. Before Bell passed out from a cocaine overdose, he told the police officer that he had come to the roadside rest to sell about an ounce of cocaine.

Bell eventually pleaded guilty to possession of cocaine in violation of 35 P.S. § 780–113(a)(16) [1], which prohibits knowing or intentional possession of a controlled substance by a person not registered under the Drug Law. Bell was also charged with possession with intent to deliver (35 P.S. § 780–113(a)(30)) but this charge was nol prossed in exchange for Bell's cooperation with state and federal law enforcement officials.

---

**1.** The Controlled Substance, Drug, Device and Cosmetic Act. April 14, 1972, P.L. 233, No. 64, § 1 et seq., hereinafter the Drug Law.

■ Now Bell argues that his guilty plea to the charge of possession of a controlled substance precludes the Commonwealth from seeking forfeiture of his car. It is true, as Bell points out, that the Drug Law states that no conveyance shall be forfeited for possession of a controlled substance. 35 P.S. § 780–128(a)(4)(iv). Bell contends that because he pleaded guilty to possession, the Commonwealth could not use a forfeiture hearing to prove any other offense.

■ We disagree. The Drug Law provides that a vehicle is subject to forfeiture if it is used to transport, sell, receive or conceal controlled substances. 35 P.S. § 780–128(a)(4). Forfeiture proceedings under § 780–128 are civil in form, but quasi-criminal in character. The object of § 780–128 is to impose a penalty on those who are significantly involved in criminal enterprises in violation of the Drug Law. *Commonwealth v. Landy*, 240 Pa.Super. 458, 469, 362 A.2d 999, 1005 (1976). The Commonwealth must prove a forfeiture case by a preponderance of the evidence. *Id.*, 240 Pa.Superior Ct. at 469, 362 A.2d at 1005. Thus, conviction of a crime is not necessary to support forfeiture proceedings; the Commonwealth need simply prove by a preponderance of the evidence that a vehicle was involved in, as here, the sale or transport of a controlled substance.

The case of *V.J.R. Bar Corp. v. Commonwealth of Pennsylvania Liquor Control Board*, 480 Pa. 322, 390 A.2d 163 (1978) is instructive. Several employees of the V.J.R. Bar Corporation were charged with gambling on the licensed premises; the charges were later dismissed. Nevertheless, the Liquor Control Board fined the V.J.R. Bar Corporation. The Pennsylvania Supreme Court held that the Board could impose sanctions on liquor license holders even when the underlying conduct does not produce criminal charges or when charges do not result in convictions. *Id.*, 480 Pa. at 326, 390 A.2d at 165. The Liquor Control Board did not find criminal guilt or impose a punishment under the criminal law but rather acted within its authority and imposed a civil sanction. Similarly, the court below did not

find Bell guilty of possession with intent to deliver but only imposed a sanction authorized by civil law.

Bell also argues that the Commonwealth did not establish by a preponderance of the evidence that his car was used to facilitate the transportation, sale, receipt, possession or concealment of a controlled substance. Our review of the record persuades us that the testimony of the state police officer demonstrates that Bell's car was at least used to facilitate the transportation and possession of a controlled substance.

Order affirmed.