## Mihalik License

*Robert D. Gleason*, for appellants.
*Walter A. Criste*, for appellee.

MCDONALD, J., March 29, 1963.—This is an appeal from the refusal of the Pennsylvania Liquor Control Board, hereinafter referred to as board, by order dated December 11, 1962, to transfer a restaurant liquor license for premises 432 Washington Street, Johnstown, Cambria County, to appellants.

Testimony was taken before the examiner, and from this the board found the following facts:

1. A complete record of arrests of co-applicant, John Mihalik, was not listed on the application for a restaurant liquor license.

2. The said John Mihalik is not qualified to hold a license for the retail sale of alcoholic beverages, particularly by reason of his past involvement in violations of the law.

Upon appeal to this court, it was stipulated by counsel that the record of testimony taken before the examiner be admitted as evidence. There was no additional testimony.

From the record we make the following

### Findings of Fact

1. Appellants are individuals residing in Johnstown, Cambria County.

2. Appellant filed an application to transfer a restaurant liquor license issued to Seymour Rabinowitz, executor, situate at 432 Washington Street, Johnstown, Cambria County, known as "Bill's Place".

3. The application for transfer failed to disclose the full record of arrests of John Mihalik for violations of the laws of the Commonwealth of Pennsylvania.

4. The application disclosed that John Mihalik was arrested and plead guilty to the charge of violating the gambling laws, no. D-56, March sessions, 1957, Quarter Sessions Court of Cambria County, and was sentenced to pay a fine and costs.

5. The application failed to disclose that John Mihalik was arrested and plead guilty to the following indictments in the Quarter Sessions Court of Cambria County:

(a) Violation of the gambling laws, no. D-44, June sessions, 1949: sentence, fine and costs;

(b) Violation of the gambling laws, no. D-22, March sessions, 1950: sentence, fine and costs.

6. The application failed to disclose that John Mihalik was arrested December 5, 1953, by the Johnstown City Police on a charge of "suspicion" and subsequently discharged.

*Discussion*

The Liquor Code provides that every applicant for "a ... restaurant ... license ... or for the transfer of an existing license to another premises not then licensed shall file a written application with the board in such form and containing such information as the board shall from time to time prescribe. ...": Liquor Code of April 12, 1951, P. L. 90, sec. 403, as amended; 47 PS §4-403. Further: "Upon receipt of the application, the proper fees and bond, and upon being satisfied of the truth of the statements in the application . . . that the applicant is a person of good repute . . . the board shall, in the case of a hotel or restaurant, grant and issue to the applicant a liquor license ...": Liquor Code of April 12, 1951, P. L. 90, sec. 404, as amended, 47 PS §4-404.

In this case, the board has found as a fact that the specific question relating to arrests of one of the appellants (Mihalik) was not answered completely. The Commonwealth offered in evidence, in addition to

testimony of an arrest of Mihalik by the Johnstown Police on the charge of "suspicion" (of doubtful legality), the record of the Quarter Sessions Court of Cambria County which discloses that he was arrested and plead guilty in 1949 and 1950 to charges of violation of the gambling laws. Those violations were not disclosed in the application. Under section (h) of the Liquor Code of April 12, 1951, P. L. 90, art. IV, sec. 403, 47 PS §4-403, a false statement intentionally made in any part of an application shall be deemed a misdemeanor. No explanation has been offered by appellants for the obvious omission of this important information.

We cannot, therefore, hold that the board has abused its discretion in refusing the transfer when the application evidences bad faith on the part of one of the appellants in failing to disclose vital information. For this reason alone the appeal must be dismissed.

The second finding of fact by the board is not so clear. The board finds that defendant is "not qualified" to hold a license because of "his past involvement in violations of the law." Nowhere does it find as a fact that he is not "a person of good repute": section 4-404.

There is no doubt repeated convictions for violations of the law may indicate a person is of bad repute. However, notwithstanding this record, which was testified to by the enforcement agent who investigated the application, he further testified, presumably after interrogation of residents of the community in which the appellant Mihalik lived, that he bore a good reputation. In view of this contradictory testimony presented by the Commonwealth, it is doubtful, without more, that there is sufficient evidence to find as the board did that by reason of the convictions alone (the most recent over five years before the application) Mihalik is not qualified to hold a license.

While we are aware the rate of recidivism among gamblers is high, it seems the board could have offered

testimony of bad repute if Mihalik has in fact continued this unlawful activity. On the other hand, Mihalik should also have offered, in addition to the bald statement of the enforcement agent, testimony of his good repute in order to show his qualification for a license. The difficulty presented by the board's finding is that prior convictions are used to establish, at least inferentially, the bad repute of Mihalik. Under such a procedure, conviction of a crime at any time, regardless of how remote from the time of application, would prohibit a person from ever holding a license, and, in effect, destroy the proven theory that a person may, after commission of a crime, rehabilitate himself and become a worthwhile and reputable citizen.

Section 471 of the Liquor Code of April 12, 1951, P. L. 90, as amended, 47 PS §4-471, provides that a license may be revoked if after hearing the board is satisfied that licensee has violated any provision of the Liquor Code "or for other sufficient cause." Thus, a license may be revoked for violation of the criminal laws of the Commonwealth: I.B.P.O.E. Liquor License Case, 163 Pa. Superior Ct. 395; Commonwealth v. Lyons, 142 Pa. Superior Ct. 54. The same section, however, provides that a licensee "shall be ineligible to have a license under this Act until the expiration of three years from the date such license was revoked." Thus, violation of the law does not in itself work a disqualification beyond the three-year limitation. The board, therefore, in finding as it did, that Mihalik was not qualified to hold a license because of law violations which occurred longer than three years prior to the application, has imposed a harsher rule than the Liquor Code itself provides in case of reapplication after revocation based upon conviction of a crime.

We cannot, therefore, sustain the board's second finding of fact. Nor can we find, in view of the repeated

violations of the laws of this Commonwealth that appellant Mihalik is of good repute. Were this the only reason for the board's refusal to issue the license it would be necessary to return the record for further proceedings.

However, since the board also found as a fact that appellant Mihalik failed to disclose a complete record of arrests in answer to a question in the application, and this is fully sustained by the evidence, we must dismiss the appeal.

### Conclusions of Law

1. The board has not acted arbitrarily and capriciously in refusing to grant the transfer of license.

2. The appeal must be dismissed at the costs of appellants.

### Order

Now, March 29, 1963, upon consideration of the record and for the reasons set forth in the foregoing opinion, the appeal is dismissed.