## Ziegler License

*Walker & Walker*, for appellant.

*R. H. Jordan* and *A. T. Gillespie, Jr.*, for Commonwealth.

HENNINGER, P. J., November 12, 1963.—James E. Ziegler has been since November 1958, the proprietor of the 340 Bar in Allentown, Pa., having acquired the personal property, fixtures and restaurant liquor license from one Eugene I. Graner for $10,500, payable $1,500 down and the balance at the rate of $100 per month.

While still a holder of the license, he was arrested for burglary and conspiracy, found guilty and sentenced to Lehigh County Prison. Between the date of

his arrest and conviction, he was accused by the Pennsylvania Liquor Control Board on three different occasions of having violated the Liquor Code of April 12, 1951, P. L. 90, 47 PS §1-101.

By reason of this conviction, Ziegler's license was revoked effective August 15, 1961, and he and Graner have appealed to this court from said revocation. On the other charges, however, the board found insufficient proof and therefore the revocation must rest upon the conviction of crime alone.

The appeal of Graner is easily disposed of. Graner is no more than a general creditor of Ziegler's and the fact that the debt arose out of the sale of the liquor license gives him no standing whatsoever in this appeal. No attempt was made to impose the debt upon the license and if such an attempt had been made it would probably have prevented the transfer to Ziegler. In any event, the lienholder would hold his security subject to the good conduct of the license holder.

The commission of a felony by the licensee fully justified revocation of the license under section 471 of the Liquor Code, 47 PS §4-471, as "any other sufficient cause shown": I. B. P. O. E. Liquor License Case, 163 Pa. Superior Ct. 395, 397; Commonwealth v. Lyons, 142 Pa. Superior Ct. 54, 57.

This would be the end of the case excepting that upon the chronology of the case as submitted, we cannot understand why the license was not transferred to John Ziegler and Alfred Ward between March 2, 1960, the date of application for transfer, and May 18, 1960, the date of the commission of the crime which was the basis of the revocation; the unsubstantiated charges of operating in a disorderly manner arose still later.

The application for transfer was not denied until the order of revocation was issued and therefore we consider James E. Ziegler's appeal as applicable to

both. Section 468 of the code, 47 PS §4-468, provides in part as follows:

"From any refusal to grant a transfer or upon the grant of any transfer, the party aggrieved shall have the right of appeal to the proper court and therefrom to the Superior Court, in the manner hereinbefore provided. . . ."

Surely James E. Ziegler, who was being relieved of his obligation to Graner, was aggrieved by the refusal to transfer.

Heretofore we have suggested that a transcript of proceedings before the Liquor Control Board would be helpful on appeal; in this case its production is imperative. We have no doubt that the board had good reason for delaying the transfer and we recognize that the license would remain in existence only subject to the continued good behaviour of the licensee-transferor, but the record as it stands does not support the board's delay in acting upon the application for the transfer.

Now, November 12, 1963, this matter is set down for rehearing on November 26, 1963.