Edward A. Bresch, Jr. and Patricia R. Bresch, Appellants v. Commonwealth of Pennsylvania, Pennsylvania Liquor Control Board, Appellee.

Submitted on briefs, March 5, 1979, to Judges WIL-KINSON, JR., MENCER and BLATT, sitting as a panel of three.

*James F. Heinly,* for appellants.

*J. Leonard Langan,* Assistant Attorney General, with him *Kenneth W. Makowski,* Acting Chief Counsel, and *Gerald Gornish,* Attorney General, for appellee.

OPINION BY JUDGE MENCER, May 18, 1979:

The petitioners in this case, whose liquor license was revoked for selling alcoholic beverages between 2 a.m. and 7 a.m., contend that Section 471 of the Liquor Code, Act of April 12, 1951, P.L. 90, *as amended,* 47 P.S. §4-471, is unconstitutionally vague and indefinite. That provision reads as follows, with the phrases at issue numbered for purposes of discussion:

Upon learning of [1] any violation of this act or any laws of this Commonwealth relating to liquor, alcohol or malt or brewed beverages, [2] or of any regulations of the board adopted pursuant to such laws, [3] of any violation of

any laws of this Commonwealth or of the United States of America relating to the tax-payment of liquor or malt or brewed beverages [4] by any licensee within the scope of this article, his officers, servants, agents or employes, or upon any other sufficient cause shown, the board may, within one year from the date of such violation or cause appearing, cite such licensee to appear before it or its examiner, not less than ten nor more than sixty days from the date of sending such licensee, by registered mail, a notice addressed to him at his licensed premises, to show cause why such license should not be suspended or revoked or a fine imposed.

Petitioners contend it is unclear whether or not a citation can issue to a licensee for violations by the licensee's officers, servants, agents or employees of any of the laws or regulations referred to in phrases 1 and 2, as opposed to the tax laws referred to in phrase 3. This argument is patently frivolous. The violations specified in phrases 1 and 2 must mean violations by those persons listed in phrase 4, just as the violations in phrase 3 must refer to those persons. There are no other persons to whom any of the phrases could refer. Thus, any reasonable licensee would clearly have sufficient notice that citations could issue for violations, by any of his officers, servants, agents, or employees, of any of the laws and regulations concerning alcohol. *Cf. In re Quaker City Development Co.,* 27 Pa. Commonwealth Ct. 13, 365 A.2d 683 (1976) ("other sufficient cause" language of Section 471 not unconstitutionally vague).

Order affirmed.

### Order

And Now, this 18th day of May, 1979, the order of the Court of Common Pleas of Lancaster County,

sustaining the action of the Pennsylvania Liquor Control Board revoking liquor license No. R-11768 and amusement permit No. AP-11768 issued to Edward A. Bresch, Jr., and Patricia R. Bresch, is hereby affirmed.