Forrest M. Swaydis, Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania State Police, Respondent.

Argued June 10, 1982, before President Judge CRUMLISH, JR. and Judges ROGERS and MACPHAIL, sitting as a panel of three.

Applicant for reargument filed and denied.

*Harris T. Bock,* with him, *Kathleen A. Fiftal, Bock and Finkelman,* for petitioner.

*Gregory R. Neuhauser,* Deputy Attorney General, with him, *Francis R. Filipi and Sally A. Lied,* Deputy Attorneys General, and *LeRoy S. Zimmerman,* attorney General, for respondent.

OPINION BY PRESIDENT JUDGE CRUMLISH, JR., January 26, 1983:

State Police Trooper Forrest M. Swaydis was dismissed by the Pennsylvania State Police Commissioner's order. We reverse.

Swaydis was charged with violations of both the Pennsylvania State Police Field Regulations and the Pennsylvania Crimes Code.[1] The Court Martial Board found him guilty of all but two charges and recommended dismissal, suspension without pay or a written reprimand. The Commissioner adopted the recommendation of dismissal. Swaydis appeals.

Four days of testimony were taken before the Court Martial Board and Swaydis now alleges several errors: 1) that there was an improper commingling of prosecutorial and adjudicatory functions; 2) that the Court Martial Board was without the power to render an adjudication on the criminal charges and 3) that the initial convening of the Court Martial Board was void ab initio.

We need not address the first two issues because we agree with Swaydis' third contention. Section 205 of the Administrative Code provides:[2]

> (e) No enlisted member of the Pennsylvania State Police shall be dismissed from service or reduced in rank except by action of a court martial board held upon the recommendation of the Commissioner of the Pennsylvania State Police and the Governor.

[1] 18 Pa. C. S. §4101(a)(2) and 18 P.S. §3922(a)(1).

[2] Act of April 9, 1929, P.L. 177, *as amended,* 71 P.S. §65(e).

Complying with this statutory mandate, the Commissioner sent a memorandum to the Governor requesting that court martial proceedings be convened. The November 26, 1980 memorandum stated:

> Trooper Swaydis did open a checking account at the First Bank of Greater Pittston, Dupont, Pennsylvania under a fictitious name and address. He wrote checks to the Bank of Pennsylvania under the fictitious name, knowing there were insufficient funds in said account. Trooper Swaydis borrowed money from three (3) individuals and did not repay the loans; withdrew $4,300 from his savings account in the Bank of Pennsylvania, knowing there were no legitimate funds in that account; established a residence under an alias since July 12, 1980; traveled out of his patrol zone to the Bank of Pennsylvania without the permission of his supervisor; and conducted personal business on several occasions while in uniform and using an official vehicle. The aforementioned constitutes violations of the Pennsylvania Crimes Code Section 4101A-2 (Forgery) and Section 3922A-1 (Theft By Deception).
>
> In addition to the aforementioned criminal charges, these actions constitute violations of the Pennsylvania State Police Field Regulations. . . .

On December 2, 1980, a district justice dismissed the charges against Swaydis because the Commonwealth had failed to make out a prima facie case. On December 23, 1980, the Governor gave his recommendation and approval for a court martial board. The conclusive evidence on this issue was that at no time was the Governor informed that the criminal charges had been dismissed. This omission of a material fact rendered the court martial void ab initio.

In *Luchansky v. Barger,* 14 Pa. Commonwealth Ct. 26, 44, 321 A.2d 376 (1974), we determined that, because the regulations governing court martials are penal in nature, they must be strictly construed. Here, a strict, as well as logical, construction requires that the Governor's recommendation must be based on all relevant and material facts available at the time of the request. The order of dismissal is reversed and Trooper Swaydis is ordered reinstated.

Reversed.

ORDER

The order of the Pennsylvania State Police Commissioner dated March 4, 1981, is hereby reversed, and Forrest Swaydis is ordered reinstated immediately to the Pennsylvania State Police Force and is awarded back pay from the date of his suspension.