470 A.2d 107

**COMMONWEALTH of Pennsylvania, PENNSYLVANIA STATE POLICE, Appellant,**

**v.**

**Forrest M. SWAYDIS, Appellee.**

Supreme Court of Pennsylvania.

Argued Nov. 29, 1983.

Decided Dec. 30, 1983.

20

Elizabeth Butler Metz, Francis R. Filipi, Andrew S. Gordon, Deputy Attys. Gen., for appellant.

Harris T. Bock, Philadelphia, for appellee.

Before ROBERTS, C.J., and NIX, LARSEN, FLAHERTY, McDERMOTT, HUTCHINSON and ZAPPALA, JJ.

## OPINION OF THE COURT

FLAHERTY, Justice.

This is an appeal from an order of the Commonwealth Court which reversed[1] an order of the Pennsylvania State Police Commissioner dismissing the appellee, Forrest M. Swaydis, from employment as a trooper. Commonwealth Court ordered that Swaydis be reinstated, and awarded back pay from the date of his suspension. The Commissioner's order of dismissal was issued after a court martial

---

1. *Swaydis v. Commonwealth, Pennsylvania State Police,* 71 Pa. Commw. 382, 454 A.2d 1184 (1983).

board determined that Swaydis had engaged in improper conduct.

The sole issue on appeal concerns the manner in which the court martial proceeding was instituted, to wit whether the proceeding was void *ab initio* as a result of an alleged failure by the Commissioner to adequately comply with Section 205 of the Administrative Code which governs commencement of court martial proceedings. Section 205 of the Code provides:

> No enlisted member of the Pennsylvania State Police shall be dismissed from service or reduced in rank except by action of a court marital board held upon the recommendation of the Commissioner of the Pennsylvania State Police and the Governor.

71 Pa.S.A. § 65(e) (1963–1982 Supp.). To secure the recommendation of the Governor that Swaydis be court martialed, as this provision requires, the Commissioner sent a memorandum to the Governor requesting that court martial proceedings be convened. The memorandum, dated November 26, 1980, stated:

> Trooper Swaydis did open a checking account at the First Bank of Greater Pittston, Dupont, Pennsylvania under a fictitious name and address. He wrote checks to the Bank of Pennsylvania under the fictitious name, knowing there were insufficient funds in said account. Trooper Swaydis borrowed money from three (3) individuals and did not repay the loans; withdrew $4,300 from his savings account in the Bank of Pennsylvania, knowing there were no legitimate funds in that account; established a residence under an alias since July 12, 1980; traveled out of his patrol zone to the Bank of Pennsylvania without permission of his supervisor; and conducted personal business on several occasions while in uniform and using an official vehicle. The aforementioned constitutes violations of the Pennsylvania Crimes Code Section 4101 A–2 (Forgery) and Section 3922 A–1 (Theft by Deception). In addition to the aforementioned criminal charges, these actions constitute violations of the Pennsylvania State Police Field Regulations ... [Unbecoming Conduct; Con-

formance to Laws; Payment of Debts; Lawful Orders; Use of Vehicles].

Subsequently, on December 2, 1980, a district magistrate dismissed the criminal charges against Swaydis on grounds that the Commonwealth had failed to establish a prima facie case. On December 23, 1980, the Governor issued a recommendation that court martial proceedings against Swaydis be convened. It is undisputed that when the Governor made this recommendation he had not been notified that the criminal charges against Swaydis, which had been referred to in the memorandum, had been dismissed.

■ Swaydis contends that the Commissioner had a duty to notify the Governor of the dismissal of criminal charges, prior to the Governor's making a decision as to whether to recommend a court martial, and that the Commissioner's failure to have provided such notice rendered the court martial proceeding void *ab initio*. We disagree. It is well established that resolution of criminal charges in favor of a criminal defendant does not bar subsequent civil or administrative proceedings concerning the same underlying misconduct. *V.J.R. Bar Corp. v. Commonwealth, Liquor Control Board*, 480 Pa. 322, 326, 390 A.2d 163, 164–165 (1978) (administrative sanctions imposed upon a liquor licensee following dismissal of criminal charges). As stated in *Wilson v. Wilson*, 100 Pa.Super. 451, 458 (1931),

[A] judgment or sentence in a criminal prosecution is neither a bar to a subsequent civil proceeding found on the same facts, nor is it proof of anything in such civil proceeding, except the mere fact of rendition. So, where the same acts or transactions constitute a crime and also give a right of action for damages or for a penalty, the acquittal of defendant when tried for the criminal offense is no bar to the prosecution of the civil action against him, nor is it evidence of his innocence in such action ....

Accord *Commonwealth v. Funk*, 323 Pa. 390, 400, 186 A. 65, 69 (1936) (administrative revocation of driver's license following acquittal on drunken driving charge). "The reason for this rule is that the administrative action is civil, not criminal, in nature ... designed only for the protection of

the public interest through exercise of the police power
...." *V.J.R. Bar Corp.*, 480 Pa. at 326, 390 A.2d at 165.

Since the actual disposition of the criminal charges
against Swaydis did not control whether Swaydis could be
held accountable for his conduct in a court martial proceed-
ing, the Governor was not deprived of a material fact to be
considered in deciding whether to approve such a proceed-
ing when the Commissioner failed to provide notice that the
criminal charges had been dismissed. The memorandum
from the Commissioner to the Governor, describing specific
acts of misconduct of which Swaydis could be accused in a
court martial proceeding, enumerated specific Pennsylvania
State Field Regulations alleged to have been violated by
Swaydis. Violations of those regulations supplied the basis
for a court martial proceeding to be convened. The fact
that criminal charges arising from the same misconduct had
been dismissed would not, to any extent, preclude a court
martial board from determining that violations of those
regulations had occurred. Thus, we believe Commonwealth
Court erred in holding that the court martial proceeding
was rendered void by the Commissioner's not having in-
formed the Governor as to the district magistrate's disposi-
tion of criminal charges. Dismissal of the criminal charges
was, in short, not dispositive of the question of whether
Swaydis should be held accountable for the acts of miscon-
duct described in the Commissioner's memorandum to the
Governor.

Order reversed.

ZAPPALA, J., files a dissenting opinion in which LAR-
SEN, J., joins.

ZAPPALA, Justice, dissenting.

The issue presented by this appeal is not whether the
Appellee should be held accountable for acts of misconduct;
rather, it is whether the Governor should have been ap-
prised of all of the pertinent facts relating to the criminal
charges prior to his determination to convene a court mar-
tial board. Although the disposition of criminal charges is
not relevant to whether the Appellee may be subject to

sanctions imposed in a civil or administrative proceeding, it is relevant to the Governor's determination whether a court martial proceeding is warranted.

As noted in the majority opinion, the rule which states that a defendant's acquittal from a criminal offense does not bar prosecution of a civil action is designed to protect the public interest. The public interest is not protected, however, by an uninformed exercise of police power. Knowledge of the dismissal of the criminal charges would be necessary for an informed exercise of the Governor's power under the Administrative Code. The memorandum which was prepared by the Commissioner and forwarded to the Governor was the sole basis of the Governor's approval. Therefore, it was imperative that the Governor be advised of all material facts relevant to the charges where, as here, the dismissal occurred prior to the Governor's recommendation.

I would therefore affirm the order of the Commonwealth Court.

LARSEN, J., joins in this dissenting opinion.