126

Joint Bargaining Committee of the Pennsylvania Social Services Union, Local 668 et al., Petitioners *v.* Commonwealth of Pennsylvania, Respondent.

Argued June 8, 1983, before Judges BLATT, DOYLE and BARBIERI, sitting as a panel of three.

*Bruce M. Ludwig,* with him *Robert A. Sloan, Stephen A. Sheller & Associates,* for petitioners.

*Frank A. Fisher,* Assistant Counsel, with him *John D. Raup,* Chief Counsel, and *Jay C. Waldman,* General Counsel, for respondent.

OPINION BY JUDGE DOYLE, March 22, 1984:

This appeal takes the form of a Petition for Review of an Arbitrator's decision. Petitioner, Joint Bargaining Committee of the Pennsylvania Social Services Union, is the collective bargaining representative for certain employees of the Commonwealth of Pennsylvania. Respondent, the Commonwealth of Pennsylvania, is a "public employer" as defined by Section 301 of the Public Employe Relations Act, Act of July 23, 1970, P.L. 563, *as amended,* 43 P.S. §1101.301(1).

On April 1, 1981, Jodi Salvati, employed as an Income Maintenance Worker II for the Berks County Board of Assistance, Department of Public Welfare, was arrested on various criminal charges including felony charges related to the possession and delivery of controlled substances. On April 2, 1981 her supervisor, having confirmed reports of her arrest, notified Salvati of her suspension from employment for thirty days.[1] When the criminal charges were not resolved within the thirty days, Salvati was discharged. Salvati then appealed her discharge under the collective bargaining agreement and pursued arbitration. At a hearing before Arbitrator Gladys Gershenfeld, this grievance was denied and the Arbitrator found that the discharge was for just cause. Petitioner seeks review of that decision.

The basis of Petitioner's argument is that the Arbitrator exceeded her authority by imposing a just cause standard which was outside the essence of her

---

[1] Salvati contested her suspension in a companion action filed with the State Civil Service Commission and subsequently appealed to this Court as of No. 3144 C.D. 1981.

labor contract. We disagree and, for the following reasons, affirm the Arbitrator's decision.

This Court's scope of review of an arbitrator's decision is limited. Judicial review of an arbitrator's decision is restricted by the "essence test" wherein the reviewing court must initially determine if the terms of the collective bargaining agreement encompass the subject matter of the dispute. The court's inquiry ends once it is determined that the issue, properly defined, is within the terms of the agreement. *West Chester Area School District v. West Chester Area Education Association*, 68 Pa. Commonwealth Ct. 469, 449 A.2d 824 (1982).

The Arbitrator here began her evaluation with Salvati's employment contract. The pertinent part of that contract reads as follows:

> The Employer shall not demote, suspend, discharge or take any disciplinary action against an employee without *just cause*. (Emphasis added.)

In interpreting that portion of the contract, the Arbitrator cited several sources of law to determine whether Salvati was dismissed for just cause. Section 803 of the Civil Service Act,[2] 71 P.S. §741.803 provides in pertinent part:

> An appointing authority may for *good cause* suspend without pay for disciplinary purposes any employee holding a position in the classified service. Such suspensions shall not exceed in the aggregate thirty working days in one calendar year. (Emphasis added.)

The Arbitrator in her decision also referred to a portion of Part III of the Governor's Code of Conduct providing as follows:

---

[2] Act of August 5, 1941, P.L. 752, *as amended*.

Required action when an employe is formally charged with criminal conduct related to his or her employment with the commonwealth or which constitutes a felony.

As soon as practicable after an employe has been formally charged with criminal conduct related to his employment with the Commonwealth or which constitutes a felony, such employe shall be suspended without pay. If such charge results in a conviction in a court of law, such employe shall be terminated.

4 Pa. Code §7.173.

The Arbitrator additionally relied on a memorandum issued by the Secretary of Budget and Administration issued on December 30, 1980 which provides policy interpretation and procedures for implementing Parts I and III of the Code of Conduct. With respect to Part III, Criminal Charges, the memorandum provides, in pertinent part:

On the basis of the preliminary hearing, charges are either dropped or bound over to the courts for trial. You must, therefore, immediately determine the outcome of the preliminary hearing in order to take one of the following courses of action:

. . . .

2. If the charges are bound over for trial, the employe is to remain on suspension pending final outcome of the charges. This is in accordance with the Administration's policy, as established by the Code of Conduct, that an employe is not to be terminated unless proven guilty by judicial due process.

In cases involving Civil Service employes, however, we are prohibited from carrying out this policy. Section 803 of the Civil Service Act

limits a suspension to an aggregate of thirty working days in one calendar year and, in effect, forces us to terminate Civil Service employes at the expiration of the permissable [sic] thirty day period, even if we are still awaiting final outcome of the charges.

. . . .

In all cases, an employe who is ultimately cleared of all charges by a court of law may be entitled to reinstatement and full back pay, depending of course, on the nature of the charges and the grounds on which they are dismissed.

The Civil Service Act and the governor's executive order, supplemented by the Secretary's memorandum are requirements and procedures by which all affected Civil Service employees must abide. While they are collateral to an appropriate *contract* for Civil Service employment they may nonetheless be properly considered by the Arbitrator in *her* interpretation of the collective bargaining agreement and what is meant by the term "just cause" as used and employed within that contract.[3] That determination by the Arbitrator *is* within the essence of the contract. The Arbitrator thus acted within the bounds of her discretion in determining just cause under the collective bargaining agreement and we find no basis for disturbing her determination.

## Order

Now, March 22, 1984, the decision of the Arbitrator of the Civil Service Commission in the above referenced matter, dated October 27, 1981 is hereby affirmed.

---

[3] For a case distinguished between contractual just cause provisions and the requirements of the laws governing teacher demotions, see *West Middlesex Area School District v. Pennsylvania Labor Relations Board*, 55 Pa. Commonwealth Ct. 404, 423 A.2d 781 (1980).