Pennsylvania State Police, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued November 12, 1985, before President Judge CRUMLISH, JR., Judge COLINS, and Senior Judge BARBIERI, sitting as a panel of three.

*Joanna Nezovich Reynolds,* Assistant Counsel, for petitioner.

*Samuel H. Lewis,* Associate Counsel, with him, *Michael D. Alsher,* Associate Counsel, and *Charles G. Hasson,* Acting Deputy Chief Counsel, for respondent.

OPINION BY JUDGE COLINS, January 14, 1986:

This case presents the issue of whether a claimant is eligible for unemployment compensation under the provisions of Section 401(f) of the Pennsylvania Unemployment Compensation Law (Law)[1] when, after being initially terminated for willful misconduct, he was reinstated in his employment by order of this

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §801(f).

Court, and said order was subsequently reversed by the Supreme Court.[2]

Forrest M. Swaydis (Claimant) was last employed by the Pennsylvania State Police (employer). On

[2] Because of the unusual factual matrix of this case, an explanation of the employer's concern with the claimant's eligibility in this case is in order. In the ordinary case, we (and the employer) are concerned with the claimant's eligibility for benefits, as such eligibility or ineligibility generally is conclusive as to whether a Commonwealth employer must presently reimburse the Fund. (Under §1003 of the Act, 43 P.S. §893, Commonwealth employers directly reimburse the Fund rather than contribute to the Fund on a percentage basis as do the majority of employers.) In this case, the Commonwealth employer will not presently be required to reimburse the Fund, regardless of the claimant's eligibility. The interest of the Commonwealth, as employer, is twofold: (1) the interest of all concerned parties that undeserving individuals do not obtain benefits; and (2) the chance that some pecuniary loss will result at some future period.

It is perhaps instructive to explore why the employer will not presently be required to reimburse the Fund, regardless of the claimant's eligibility. A claimant is paid compensation as provided in §404 of the Act, 43 P.S. §804. The compensation is based on the claimant's "base year" wages. A claimant's "base year" is a year comprising the first four of the last five completed calendar quarters immediately preceding the first day of the claimant's "benefit year." Section 4(a) of the Act, 43 P.S. §753(a). The claimant's "benefit year" is the year beginning with the day on which a valid application for benefits has been filed. Section 4(b) of the Act, 43 P.S. §753(b). In this case, the claimant's application for benefits was filed on June 5, 1983. Therefore, the first four of the last five completed calendar quarters would be the calendar year of 1982. The claimant did not work for the Commonwealth employer at all during the year of 1982; therefore, as no benefits paid would be attributable to service in the employ of the Commonwealth, no reimbursement would be required under §1003 of the Act, 43 P.S. §893.

The only way that the Commonwealth would be required to reimburse the Fund would be if, at some future time, the claimant would become unemployed and the period of April 12, 1983 to May 24, 1983, would become a portion of his base year. Were such to happen, the employer would have to reimburse the Fund for the amount of benefits attributable to Commonwealth service, in this case somewhat more than one month.

March 4, 1981, the Claimant was initially dismissed by the employer following a court-martial for various infractions of the employer's rules of conduct, including, *inter. alia,* writing bad checks and opening bank accounts under a fictitious name. The Claimant took two actions as a result of this dismissal: (1) he applied for unemployment benefits; and (2) he appealed his court-martial to this Court. The Office of Employment Security (OES) ruled that the Claimant's conduct constituted willful misconduct as contemplated by Section 402(e) of the Law,[3] and, therefore, denied him benefits. This decision was never appealed.

However, in reviewing the Claimant's court-martial, this Court found that the court-martial was improperly convened; therefore, we ordered the Claimant reinstated to his position.[4] The Claimant was so reinstated on April 12, 1983, and he worked until May 24, 1983, at which time he was again dismissed. This second dismissal was a result of a stay of the reinstatement order by the Pennsylvania Supreme Court, which subsequently reversed the Commonwealth Court's order of reinstatement.[5] It is significant to note that the Claimant also worked for the Martz bus company and for Trailways bus company in the interim between his separation in 1981 and his reinstatement in 1983.

The Claimant applied for benefits after his second separation, and benefits were again denied by the OES. The Claimant appealed, and a referee reversed the OES determination and granted benefits. The Unemployment Compensation Board of Review affirmed, and the employer appealed to this Court.

---

[3] 43 P.S. §802(e).

[4] *Swaydis v. Pennsylvania State Police,* 71 Pa. Commonwealth Ct. 382, 454 A.2d 1184 (1983).

[5] *Pennsylvania State Police v. Swaydis,* 504 Pa. 19, 470 A.2d 107 (1983).

One of employer's contentions is that the Claimant is collaterally estopped from challenging the 1981 OES determination of ineligibility, and that, therefore, Claimant cannot now be found eligible for benefits. The OES determination of 1981 was never appealed, and unappealed OES determinations are not considered conclusive or binding, and the principle of collateral estoppel would not apply. *Oravec Unemployment Compensation Case*, 171 Pa. Superior Ct. 491, 90 A.2d 269 (1952). However, we will assume, arguendo, that the OES determination of 1981 was binding and that Claimant's actions at that time conclusively constituted willful misconduct. Thus, we may examine the effect of this determination on the subsequent grant of benefits.

The Law provides, via Section 401(f), for a purging of disqualifications such as that imposed by the OES determination of 1981:

> Compensation shall be payable to any employee who is or becomes unemployed, and who—
>
> . . . .
>
> (f) Has earned, subsequent to his separation from work under circumstances which are disqualifying under the provisions of subsections 402(b), 402(e) and 402(h) of the act, remuneration for services in an amount equal to or in excess of six (6) times his weekly benefit rate. . . . [6]

As previously noted, the Claimant worked for two other employers subsequent to his 1981 separation. During this time he earned six (6) times his weekly benefit rate, thereby purging any disqualification imposed by the OES determination of 1981. Therefore,

---

[6] 43 P.S. §801(f).

even if Claimant's prior disqualification was binding, it would be irrelevant to these proceedings.

In focusing upon the Claimant's second separation from this employer, it is clear that no willful misconduct was proven or alleged. The employer dismissed the Claimant solely because of his 1981 actions. Having statutorily purged the 1981 disqualification, Claimant's actions in 1981 cannot be considered willful misconduct in 1983, the time of his second separation. A different interpretation could be reached only by ignoring the express language of the statute, and we are specifically prohibited from such a course of action. *See* Section 1921(b) of the Statutory Construction Act of 1972, 1 Pa. C. S. §1921(b).

Therefore, we affirm the order of the Board.

### ORDER

AND Now, January 14, 1986, the order of the Unemployment Compensation Board of Review, No. B-223815, dated October 31, 1983, is affirmed.