**Borough of Irwin v. Holman**

*Alan K. Berk,* for petitioner.
*Raymond F. Sekula,* for respondent.

LOUGHRAN, *J.,* December 1, 1994—

## HISTORY

The within case was assigned to this court via a petition to vacate a contractual arbitration award filed on August 29, 1994 on behalf of the petitioner, the Borough of Irwin. Although there is no service of this petition upon the respondents/defendants, Officer William Holman and the Borough of Irwin Police Department, the matter was brought to this court's attention via a "pink sheet" sent to this office by the prothonotary's office on August 31, 1994.

After subsequent inquiry regarding this court's responsibility in this type of case, this court was presented with a consent order of court dated September 13, 1994 asking this court to review the record of hearings held on May 3, 1994 and May 13, 1994 in Irwin, Pennsylvania, before Arbitrator Ronald Talarico, Esquire, and the petition and briefs to be submitted on or before Monday, October 17, 1994.

The stipulated order of court also waives any necessity for an evidentiary hearing.

## OPINION

The petitioner claims that Arbitrator Talarico unilaterally modified the scope of the arbitration hearing and in doing so acted outside the scope of his authority by reinstating the grievant.

The petitioner argues that the only issue for the arbitrator was whether or not the respondent employer

had just cause for indefinitely suspending the grievant and whether the grievant is psychologically competent to remain a borough police officer.

The arbitrator found that the employer did have just cause for indefinitely suspending the grievant. The arbitrator, according to the petitioner, then went one step further, which he allegedly was not empowered to do, and found the grievant was entitled to reinstatement because he did not credit the employer's expert report that the grievant was psychologically unfit to perform work as a police officer. The arbitrator concluded that the borough had abandoned its right to enforce a Last Chance Agreement they had entered into between the grievant and the borough due to the grievant's alcohol problems by failing to immediately discharge the grievant instead of requiring the psychological test.

The arbitrator specifically notes that had the borough immediately enforced the Last Chance Agreement, the borough would have been justified in doing so and he would have sustained a termination in that case. The arbitrator reasoned however, that the letters sent to grievant and the psychological test given was a motion by the borough of new liberalized rules.

This court disagrees with the arbitrator and finds that the arbitrator lacked the power to change the penalty imposed by the borough when he found that the grievant had, in fact, committed acts in violation of the Last Chance Agreement.

The proper standard for review of arbitrators' decisions is the one provided for in the Uniform Arbitrators Act, 42 Pa.C.S. §7302(d) or the essence test. *City of Philadelphia v. Fraternal Order of Police, Lodge No. 5 (Wakshul),* 160 Pa. Commw. 272, 634 A.2d 800 (1993). On judicial review an arbitrator's award should be upheld if the award draws its essence from the collective

bargaining agreement. *Leechburg Area School District v. Dale,* 492 Pa. 515, 424 A.2d 1309 (1981). Within the essence test standard is a requirement that the arbitrator's award cannot be manifestly unreasonable. *City of Philadelphia v. Fraternal Order of Police Lodge No. 5 (Wilson),* 129 Pa. Commw. 392, 565 A.2d 1232 (1989); *Philadelphia v. F.O.P. Lodge No. 5 (Wakshul), supra.*

In this case the arbitrator sustained the grievance not because he found the grievant not guilty of the alleged conduct but because he found the borough had abandoned its right under the Last Chance Agreement. Merely because the borough provided notices and took great precautions before discharging the grievant does not mean that it abandoned its negotiated rights and the Last Chance Agreement. Once the arbitrator found that the grievant did, in fact, admit his conduct and the conduct did violate the Last Change Agreement, the arbitrator's inquiry should have ended and the borough's penalty upheld. *Pennsylvania State Police v. Pennsylvania State Troopers' Association,* 160 Pa. Commw. 132, 634 A.2d 730 (1993).

The result of the arbitrator's award would place on the street an officer who has on various occasions failed to meet the high standard of care required of police officers and who, after given the opportunity to correct his problems, failed to do so. Police officers are held to a higher standard of conduct than ordinary citizens and are expected to conduct themselves lawfully and properly. *Mondevergine v. Civil Service Commission,* 108 Pa. Commw. 433, 529 A.2d 1180 (1987); *Faust v. Police Civil Service Commission of Borough of State College,* 22 Pa. Commw. 123, 347 A.2d 765 (1975). The arbitrator here reverses the borough's penalty because the borough acted in an overcautious manner. In the opinion of this court, the action of the arbitrator

does not derive from the essence of the contracted agreement nor is his interpretation a reasonable one. When the arbitrator found the alleged acts were committed by the grievant he lacked the power to change the penalty imposed by the borough and should have found just cause for dismissal as imposed by the borough. *Philadelphia v. F.O.P. Lodge No. 5 (Wakshul), supra.*

The arbitrator's decision will be vacated and the dismissal sustained.

## ORDER

And now, to wit, December 1, 1994, after review and careful consideration of the within matter, it is hereby ordered, adjudged and decreed that the arbitrator's award in the above captioned matter is hereby vacated, the grievance of Officer Holman is denied and the dismissal imposed by the Borough of Irwin is hereby sustained.