NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-4019
_____

HARRY GILARNO, individually and doing business as
Gilarno's Auto Repair, Inc., also known as Gilarno's Auto Repair

v.

THE BOROUGH OF FREEDOM;
THE BOROUGH COUNCIL OF THE BOROUGH OF FREEDOM;
JOHN V. KAERCHER; VICTORIA H. GRECO;
JAQUELINE GOLLETTI; DARL ALLMAN;
DEBORAH DEDOMINICUS, individually and in their capacity as council persons;
DON ZAHN, individually and in his capacity as Mayor of the Borough of Freedom

HARRY GILARNO; GILARNO'S AUTO REPAIR,
Appellants
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. No. 2-10-cv-00071)
District Judge:  Honorable Terrence F. McVerry
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
January 23, 2012

Before:  FISHER, GREENAWAY, JR. and ALDISERT, *Circuit Judges*.

(Filed: February 1, 2012)
_____

OPINION OF THE COURT
_____

FISHER, *Circuit Judge*.

Harry Gilarno appeals from the order of the U.S. District Court for the Western District of Pennsylvania dismissing his complaint for failure to state a claim. For the reasons stated below, we will affirm.

I.

We write principally for the parties, who are familiar with the factual context and legal history of this case. Therefore, we will set forth only those facts necessary to our analysis.

As alleged in the complaint, Harry Gilarno ("Gilarno"), the owner of Gilarno's Auto Repair, Inc., located in the Borough of Freedom, Pennsylvania ("the Borough"), is in the business of automobile repair and towing. He owns the only such business in the Borough. From 1993 to 2007, Gilarno was the exclusive provider of towing services and vehicle repairs for the Borough. Beginning in late December 2005, Gilarno publicly criticized the Borough's decision to reinstate its police force. In late 2005 and early 2006, Gilarno, who also serves as the Borough Fire Chief, criticized the Borough's decision to create a doorway between the fire station and the adjacent police station. In February 2006, Gilarno confronted the Borough Mayor after removal of his company as the exclusive provider of repair services for police vehicles. In August 2006 and November 2007, the Borough Council discussed reappointing Gilarno as the exclusive

repair provider; the Council allegedly agreed to do so in June 2007, but the agreement never materialized.

On August 28, 2007, the Borough solicitor sent Gilarno notice that he was in violation of Borough nuisance ordinances for storing several motor vehicles outside of his shop without an appropriate fence or permit. On October 16, 2007, the Chief of Police issued a non-traffic criminal citation to Gilarno for violating a nuisance ordinance, for which he was found not guilty. On March 21, 2008, the Borough filed a civil complaint in equity against Gilarno in state court. The civil action rested on the same allegations as set forth in the criminal citation; rather than seeking criminal sanctions, however, the Borough sought to require Gilarno to build a fence around his property and pay penalties. Summary judgment was granted in favor of Gilarno.

On December 11, 2009, Gilarno filed a complaint in the Court of Common Pleas of Beaver County, Pennsylvania, against the Borough, the Borough Council, and council members and Mayor Donald Zahn, individually and in their official capacities. Gilarno's complaint averred the wrongful use of civil proceedings, pursuant to Pennsylvania's Dragonetti Act, 42 Pa. Cons. Stat. § 8351, and asserted a First Amendment retaliation claim and an Equal Protection claim under 42 U.S.C. § 1983. The Borough removed the matter to the U.S. District Court for the Western District of Pennsylvania. The District Court granted the Borough's motion to dismiss the original complaint, but granted Gilarno leave to amend. The amended complaint repeated Gilarno's Dragonetti Act and

3

§ 1983 claims. The Borough renewed its motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). The District Court granted the motion. Gilarno timely appealed.

II.

The Borough removed the instant appeal from the Court of Common Pleas of Beaver County, Pennsylvania pursuant to 28 U.S.C. § 1441(a). The District Court had proper jurisdiction over the § 1983 claims pursuant to 28 U.S.C. § 1331. The District Court properly exercised supplemental jurisdiction over the state law claim pursuant to 28 U.S.C. § 1367(a). This Court has jurisdiction pursuant to 28 U.S.C. § 1291.

We exercise plenary review over the District Court's grant of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Santiago v. Warminster Twp.*, 629 F.3d 121, 128 (3d Cir. 2010).

III.

"Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (internal quotations, alterations and citations omitted). However, a complaint may be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In reviewing the sufficiency of a complaint:

4

"First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.' Second, the court should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.' Finally, 'where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.'"

*Santiago*, 629 F.3d at 130 (quoting *Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1947, 1950 (2009)). "As the Supreme Court instructed in *Iqbal*, '[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'show[n]'–'that the pleader is entitled to relief.'" *Fowler v. UPMC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009) (quoting *Iqbal*, 129 S. Ct. at 1949).

### A.

The District Court concluded that Gilarno failed to state a cognizable claim under the Pennsylvania Dragonetti Act, 42 Pa. Cons. Stat. § 8351. Gilarno asserts that the Borough lacked the right to bring an action, subsequent to the criminal citation proceedings, to enforce the nuisance ordinance, and therefore acted "in a grossly negligent manner or without probable cause." 42 Pa. Cons. Stat. § 8351(a)(1). Gilarno further argues that the doctrine of res judicata barred the subsequent civil proceeding.

Gilarno's contention is meritless. Pennsylvania law expressly grants the Borough the power "[t]o prohibit and remove any nuisance . . . in the manner provided by law for the collection of municipal claims, or by action of assumpsit, or may seek relief by bill in equity." 53 Pa. Stat. Ann. § 46202(5). Section 8 of the Borough's vehicular nuisance ordinance provides for both criminal and civil remedies, and states that such remedies

5

"shall not be deemed mutually exclusive" and that "they may be employed simultaneously or consecutively at the option of the Borough of Freedom." Freedom Borough, Pa., Ordinances ch. 197, § 538(8). Accordingly, both § 46202 and the § 8 ordinance permit alternative remedies for the violation of the nuisance ordinance.

Furthermore, Pennsylvania law has long recognized that "resolution of criminal charges in favor of a criminal defendant does not bar subsequent civil or administrative proceedings concerning the same underlying misconduct." *Commonwealth, Pa. State Police v. Swaydis*, 470 A.2d 107, 108 (Pa. 1983) (citing *V.J.R. Bar Corp. v. Commonwealth, Liquor Control Bd.*, 390 A.2d 163, 164-65 (Pa. 1978)). And res judicata is wholly inapplicable in this context. *See Jordan v. Gore*, 431 A.2d 300, 303 (Pa. Super. Ct. 1981) ("[A]n acquittal in a trial for the criminal offense does not bar the institution of a civil action . . . ."). The Borough had legal authority to bring a subsequent civil proceeding to enforce its nuisance ordinance, so Gilarno cannot demonstrate that the Borough acted "in a grossly negligent manner or without probable cause," 42 Pa. Cons. Stat. § 8351, in doing so. Accordingly, the District Court was correct that Gilarno "fail[ed] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).

B.

The District Court dismissed both of Gilarno's claims under § 1983 as barred by the statute of limitations. The statute of limitations applicable to a § 1983 claim is the applicable state's statutory period for personal injury actions. *Garvin v. City of*

6

*Philadelphia*, 354 F.3d 215, 220 (3d Cir. 2003). In Pennsylvania, that period is two years. 42 Pa. Cons. Stat. § 5524. However, "the accrual date of a § 1983 cause of action is a question of federal law that is *not* resolved by reference to state law." *Wallace v. Kato*, 549 U.S. 384, 388 (2007). A § 1983 claim accrues "when the plaintiff has a complete and present cause of action, that is, when the plaintiff can file suit and obtain relief." *Id.* (internal quotations and citations omitted).

Gilarno filed his original complaint in state court on December 11, 2009. Therefore, for purposes of the present appeal, the suit is untimely if Gilarno had "a complete and present cause of action" on or before December 10, 2007. *Id.* A diligent review of Gilarno's First Amended Complaint demonstrates that his claim for First Amendment retaliation was, at the latest, "a complete and present cause of action" in October of 2007. A plaintiff alleging a First Amendment retaliation claim "must show (1) that they engaged in a protected activity, (2) that defendants' retaliatory action was sufficient to deter a person of ordinary firmness from exercising his or her rights, and (3) that there was a causal connection between the protected activity and the retaliatory action." *Lauren W. ex rel. Jean v. DeFlaminis*, 480 F.3d 259, 268 (3d Cir. 2007). Gilarno's claim is premised on the allegation that, since January 2006, he has been denied the opportunity to repair and maintain the Borough's vehicles in retaliation for his criticism of Borough policy. Gilarno also alleges that he confronted the Borough's Mayor in February 2006 over the removal of his company as the Borough's exclusive

7

repair provider; that since October 2007, the Borough instructed the Police Department not to use his services; and that he was issued a nuisance citation on October 16, 2007. Gilarno's complaint relies on these events as part of his retaliation claim, which belies his contention that he was unaware of the Borough's "mental state" until a 2008 council decision to sever its business relationship with Gilarno's repair shop.[1] Accordingly, Gilarno's own allegations establish that he had a complete and present cause of action for retaliation prior to December 10, 2007.

Gilarno also alleges a "class of one" claim under the Equal Protection Clause of the Fourteenth Amendment that the Borough amended Ordinances 538 and 549 to prevent him from operating his auto repair business. *See Village of Willowbrook v. Olech*, 528 U.S. 562, 564-65 (2000) ("Our cases have recognized successful equal protection claims brought by a 'class of one,' where the plaintiff alleges that she has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment."). However, his cause of action on these grounds accrued well before December of 2007. The nuisance ordinances were amended on May 11, 2005 and June 13, 2007, respectively, and the Borough solicitor sent Gilarno notice that he was in violation of the ordinances on or about August 28, 2007. He was

---

[1] In any event, the meeting minutes reflect that the Borough adopted this policy to avoid a conflict of interest due to litigation pending at that time. And in light of the two-year period between his protected activities and the 2008 decision, Gilarno can otherwise only speculate as to the Borough's retaliatory motive, and a mere possibility of causation is not enough to survive a motion to dismiss. *See Fowler*, 578 F.3d at 210-211 (quoting *Ashcroft*, 129 S. Ct. at 1949).

therefore well aware of the alleged disparate treatment, and its allegedly arbitrary nature, by December 10, 2007.  Accordingly, the District Court correctly found his "class of one" claim untimely.

## IV.

For the foregoing reasons, we will affirm the order of the District Court.